IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

———————————————————————

| | |
|---|---|
| FREEDOM COALITION OF DOCTORS FOR CHOICE, | |
| Plaintiff, | |
| v. | Civil Action No. 2:23-CV-00102-Z |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | |
| Defendants. | |

**DEFENDANTS' MOTION UNDER RULE 56(d) TO DEFER CONSIDERATION OF OR DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR AN EXTENSION TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

LEIGHA SIMONTON
UNITED STATES ATTORNEY

Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## Table of Contents

I.   Background.................................................................................................. 1

II.   Legal Standard .......................................................................................... 3

    A.   Federal Rule of Civil Procedure 6(b)(1)(A) ................................... 3

    B.   Federal Rule of Civil Procedure 56(d) .......................................... 3

III.   Argument and Authorities ...................................................................... 4

    A.   Federal courts typically dismiss without prejudice summary-judgment motions filed by a plaintiff before the answer deadline.............. 5

    B.   Deferring consideration of or denying Plaintiff's motion for summary judgment would be appropriate under Federal Rule of Civil Procedure 56(d). .................................................................... 7

        1.   Although discovery is generally not allowed in a FOIA case, very limited discovery on venue would be appropriate here as it will create a genuine issue of material fact. .................................... 7

        2.   Defendants cannot even begin discovery at this time. ..................... 10

    C.   In the alternative, Defendants can show good cause for an extension of time to respond to Plaintiff's summary-judgment motion...................... 11

IV.   Conclusion .............................................................................................. 13

# Table of Authorities

## Cases

*Access Telecom, Inc. v. MCI Telecomm. Corp.*,
   197 F.3d 694 (5th Cir. 1999) ......................................................................... 8

*Ala. Farm Bureau Mut. Cas. Co., Inc. v. Am. Fid. Life Ins. Co.*,
   606 F.2d 602 (5th Cir. 1979) ......................................................................... 3

*Bailey v. KS Mgmt. Servs., L.L.C.*,
   35 F.4th 397 (5th Cir. 2022) .............................................................. 3, 4, 7, 8

*Bakri v. Nautilus Ins. Co.*,
   No. 3:21-CV-2001-N, 2023 WL 1805142 (N.D. Tex. Feb. 7, 2023) ............. 3

*Braspetro Oil Servs. v. Modec (USA), Inc.*,
   240 F. App'x 612 (5th Cir. 2007) ................................................................. 8

*Brewer v. U.S. Dep't of Justice*,
   No. 3:18-CV-1018-B-BH, 2019 WL 3948351 (N.D. Tex. July 30, 2019) ................... 9

*CenTra, Inc. v. Estrin*,
   538 F.3d 402 (6th Cir. 2008) ......................................................................... 8

*Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*,
   280 F.3d 539 (5th Cir. 2002) ....................................................................... 12

*Culwell v. City of Fort Worth*,
   468 F.3d 868 (5th Cir. 2006) ......................................................................... 4

*Dowl v. Prince*,
   No. 11-CV-0417, 2011 WL 2457684 (E.D. La. June 20, 2011) ................... 5

*First Am. Bank, N.A. v. United Equity Corp.*,
   89 F.R.D. 81 (D.D.C. 1981) ......................................................................... 6

*Freedom Coal. of Doctors for Choice v. Ctrs. for Disease Control and Prevention*,
   No. 2:23-CV-00009-Z (N.D. Tex. 2023) ...................................................... 1

*Gabarick v. Laurin Mar. (Am.), Inc.*,
   406 F. App'x 883 (5th Cir. 2010) ................................................................. 6

*HS Res., Inc. v. Wingate*,
   327 F.3d 432 (5th Cir. 2003) ......................................................................... 5

*In re PHC, Inc. S'holder Litig.*,
   762 F.3d 138 (1st Cir. 2014) ......................................................................... 8

*Int'l Shortstop, Inc. v. Rally's, Inc.*,
   939 F.2d 1257 (5th Cir. 1991) ....................................................................... 4

*Kuperman v. ICF Int'l*,
   No. Civ. A. 08-565, 2008 WL 647557 (E.D. La. Mar. 5, 2008) ..................... 6

*L.A. Pub. Ins. Adjusters, Inc. v. Nelson*,
   17 F.4th 521 (5th Cir. 2021) .................................................................... 3, 11

*Lawson v. U.S. Dep't of Justice*,
   527 F. Supp. 3d 894 (N.D. Tex. 2021) .......................................................... 7

*Matini v. Reliance Standard Life Ins. Co.*,
   No. 1:05-CV-944-JCC, 2005 WL 2739030 (E.D. Va. Oct. 24, 2005) ............ 5

*Ocasio v. Dep't of Justice*,
   67 F. Supp. 3d 438 (D.D.C. 2014) ................................................................ 9

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ...................................................................................... 9

*Pudlowski v. The St. Louis Rams, LLC*,
   829 F.3d 963 (8th Cir. 2016) ........................................................................ 9

*Rachel v. Troutt*,
   820 F.3d 390 (10th Cir. 2016) .................................................................... 11

*Reed Migraine Ctrs of Tex., PLLC v. Chapman*,
   No. 3:14-CV-1204-N, 2020 WL 869888 (N.D. Tex. Feb. 21, 2020) ........... 11

*Rogers v. McLane*,
   No. 5:22-CV-130-BQ, 2022 WL 17418978 (N.D. Tex. Nov. 14, 2022) ..... 4, 5

*Schiller v. Immigr. & Naturalization Servs.*,
   205 F. Supp. 2d 648 (W.D. Tex. 2002) ......................................................... 9

*Smith v. U.S. Immig. and Customs Enforcement*,
   429 F. Supp. 3d 742 (D. Colo. 2019) ............................................................ 9

*Stuart Inv. Co. v. Westinghouse Elec. Corp.*,
   11 F.R.D. 277 (D. Neb. 1951) ....................................................................... 5

*Wartsila v. Duke Cap. LLC*,
    No. Civ. A. H-06-3908, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007) ......................... 6

*Watkins v. Monroe*,
    No. 6:18-CV-347, 2019 WL 1869864 (E.D. Tex. Mar. 27, 2019) ................................ 5

*Wichita Falls Off. Assocs. v. Banc One Corp.*,
    978 F.2d 915 (5th Cir. 1992) ...................................................................................... 4

**Statutes**

5 U.S.C. § 552(a)(4)(B) ................................................................................................... 7

5 U.S.C. § 552(a)(4)(C) ............................................................................................... 1, 2

28 U.S.C. § 1391(c)(2) .................................................................................................... 7

**Rules**

Fed. R. Civ. P. 6(b)(1)(A) .......................................................................................... 3, 11

Fed. R. Civ. P. 12(a)(2) ................................................................................................... 2

Fed. R. Civ. P. 12(b)(3) ............................................................................................... 7, 8

Fed. R. Civ. P. 26(d) ..................................................................................................... 10

Fed. R. Civ. P. 26(f)(2) .................................................................................................. 10

Fed. R. Civ. P. 26(f)(2) .................................................................................................. 10

Fed. R. Civ. P. 33(b)(2) ................................................................................................. 11

Fed. R. Civ. P. 34(b)(2)(A) ........................................................................................... 11

Fed. R. Civ. P. 36(a)(3) ................................................................................................. 11

Fed. R. Civ. P. 56 ............................................................................................................ 8

Fed. R. Civ. P. 56(a) ....................................................................................................... 5

Fed. R. Civ. P. 56(d) ............................................................................................... passim

**Other Authorities**

4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th
    ed. 2008) ................................................................................................................ 3, 12

Only twenty-five days after filing its complaint—and less than a week after completing service on Defendants—Plaintiff Freedom Coalition of Doctors for Choice moved for summary judgment on all of its claims in this Freedom of Information Act (FOIA) case. (*See* Doc. 8). Defendants intend to file a motion to dismiss for improper venue[1], and would also seek leave to conduct limited discovery solely on the issue of venue in the event their motion to dismiss on that ground is denied. However, Defendants' deadline to respond to Plaintiff's summary-judgment motion will occur before Defendants are required to respond to the complaint, even with the shorter 30-day deadline for a government agency to file an answer in FOIA cases. *See* 5 U.S.C. § 552(a)(4)(C).

Defendants therefore move the Court to either defer consideration of or deny Plaintiff's motion as premature, or in the alternative, to extend Defendants' response deadline pending judicial resolution of Defendants' forthcoming motion to dismiss.

## I. Background

On June 16, 2023, Plaintiff filed its complaint to initiate this instant case. (Doc. 1.) It repeated many of the same assertions from its prior FOIA suit in this district, which Plaintiff voluntarily dismissed after the CDC filed a motion to dismiss for improper venue, among other defenses. *See Freedom Coalition of Doctors for Choice v. Centers for Disease Control and Prevention*, No. 2:23-CV-00009-Z (N.D. Tex.); Doc. 1

---

[1] In candor, Defendants are also evaluating whether there are additional defenses that should be raised in a motion to dismiss. However, as these defenses would be legal (not factual) issues, these defenses would not necessitate any requested relief for purposes of its Rule 56(d) motion.

(Plaintiff's January 13, 2023 complaint); Doc. 10 (CDC's February 21, 2023 motion to dismiss); Doc. 13 (Plaintiff's March 14, 2023 notice of voluntary dismissal).  As Plaintiff voluntarily dismissed the prior case in lieu of responding to the motion to dismiss, the threshold concerns previously raised by the CDC as to whether Plaintiff can bring suit in this venue remain unresolved.

On July 6, 2023, Plaintiff completed proper service on the United States Attorney for the Northern District of Texas in this current action.  (*See* Doc. 11.)  Defendants' deadline to respond to the complaint is therefore August 7, 2023.  *See* Fed. R. Civ. P. 12(a)(2) (calculating the time period for a federal agency to respond to a complaint based on the date of service on the United States attorney); 5 U.S.C. § 552(a)(4)(C) (explaining that a defendant "shall serve an answer or otherwise plead to any complaint" brought under FOIA "within thirty days of service upon the defendant").

However, only five days after completing service of process on Defendants—and nearly an entire month before the deadline to respond to the complaint—Plaintiff filed its motion for summary judgment as to all claims and causes of action in this case, asserting "there is no genuine dispute as to any material fact."  (Doc. 8.)  Plaintiff relies upon many of the same threshold allegations in its summary-judgment motion as in its complaint. (*Compare* Doc. 1, ¶¶ 16, 19-27, *with* Doc. 9 at 5-8.)  Given this early summary-judgment motion, Defendants are required to respond to Plaintiff's motion by August 1, 2023— *before* their deadline to respond to the complaint.  This also means that Defendants' summary-judgment response must be filed before the Court determines whether this is a proper venue for Plaintiffs' claims based on Defendants' forthcoming motion to dismiss

for improper venue (and potentially other Rule 12(b) defenses), and before Defendants have an opportunity to complete any discovery on the question of venue.

## II.      Legal Standard

### A.      Federal Rule of Civil Procedure 6(b)(1)(A)

District courts have discretion to grant extensions of time for good cause. *See* Fed. R. Civ. P. 6(b)(1)(A) (stating that courts may grant an extension for good cause "if a request is made [] before the original time or its extension expires"). So long as the request is made prior to the expiration of the time limit at issue, courts may extend the time period for any reason. *See L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021). Such requests "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Bakri v. Nautilus Ins. Co.*, No. 3:21-CV-2001-N, 2023 WL 1805142, at *1 (N.D. Tex. Feb. 7, 2023) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2008)).

### B.      Federal Rule of Civil Procedure 56(d)

The Fifth Circuit has repeatedly explained that summary judgment is generally only appropriate where a non-movant has had a full opportunity to conduct relevant discovery. *See, e.g., Ala. Farm Bureau Mut. Cas. Co., Inc. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979); *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022).

If a party moves for summary judgment prematurely, the nonmovant may move that the Court "defer considering the motion or deny it" under Rule 56(d). That rule

provides that if the party not moving for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court "may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d)(1). To obtain relief, the party invoking Rule 56(d) must show that "(A) that additional discovery will create a genuine issue of material fact"; and "(B) that [it] diligently pursued discovery." *Bailey*, 35 F.4th at 401. "Such motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006); *see also Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992) (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (explaining that these motions "should be granted almost as a matter of course").

### III.     Argument and Authorities

When a plaintiff files a motion for summary judgment in its own case, it "essentially takes the position that [it] is entitled to prevail as a matter of law because the opponent has no valid defense to the action." *Rogers v. McLane*, No. 5:22-CV-130-BQ, 2022 WL 17418978, at *2 (N.D. Tex. Nov. 14, 2022) (report and recommendation), *adopted*, 2022 WL 17418016 (N.D. Tex. Dec. 5, 2022). Defendants assert they *do* have defenses to this action and have a legal right to assert such defenses in response to Plaintiff's summary-judgment motion. However, Plaintiff's premature motion prevents Defendants from having the opportunity to fully articulate a potentially case-dispositive defense: improper venue. Defendants therefore move that the Court defer adjudication of or deny Plaintiff's early summary-judgment motion to allow this threshold question to be

resolved or to at least enable Defendants to conduct limited discovery to respond to the

venue allegations in the motion.

### A.    Federal courts typically dismiss without prejudice summary-judgment motions filed by a plaintiff before the answer deadline.

Technically, the Federal Rules of Civil Procedure do allow a party to file a motion

for summary judgment before an answer has been filed.  *See* Fed. R. Civ. P. 56(a); *see*

*also HS Res., Inc. v. Wingate*, 327 F.3d 432, 440 (5th Cir. 2003) (explaining that "an

answer is not a prerequisite to the consideration of a motion for summary judgment").

"However, courts have approached such motions with extreme caution."  *Matini v.*

*Reliance Standard Life Ins. Co.*, No. 1:05-CV-944-JCC, 2005 WL 2739030, at *2 (E.D.

Va. Oct. 24, 2005); *see also Rogers*, 2022 WL 17418978, at *3 (collecting cases where

courts denied plaintiffs' summary judgment motions when they were filed before the

defendant had answered or the court was still conducting preliminary screening).

"Federal courts . . . are permitted to dismiss a motion for summary judgment

without prejudice if it is filed before any party answers."  *Dowl v. Prince*, No. 11-CV-

0417, 2011 WL 2457684, at *1 (E.D. La. June 20, 2011).  In fact, a court should *not* grant

a summary-judgment motion filed before an answer "unless in the situation presented, it

appears to a certainty that no answer which the adverse party might properly serve could

present a genuine issue of fact."  *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D.

277, 280 (D. Neb. 1951).  As a result, courts both in this district and across this circuit

have often denied plaintiffs' motions for summary judgment as premature when filed

before the defendants answer.  *See, e.g.*, *Rogers*, 2022 WL 17418978, at *3; *Watkins v.*

*Monroe*, No. 6:18-CV-347, 2019 WL 1869864, at *1 (E.D. Tex. Mar. 27, 2019) (report and recommendation), *adopted*, 2019 WL 18581000 (E.D. Tex. Apr. 25, 2019) (dismissing plaintiff's motion without prejudice as premature because defendants had moved to dismiss but were not yet required to file an answer); *Kuperman v. ICF Int'l*, No. Civ. A. 08-565, 2008 WL 647557, at *1 (E.D. La. Mar. 5, 2008) (denying plaintiff's motion without prejudice as it was set for a hearing date before defendants were required to answer); *Wartsila v. Duke Cap. LLC*, No. Civ. A. H-06-3908, 2007 WL 2274403, at *5 (S.D. Tex. Aug. 8, 2007) (denying plaintiff's motion as defendant had not yet filed an answer "but has indicated that such an answer would interpose both defenses and counter-claims"); *see also Gabarick v. Laurin Mar. (Am.), Inc.*, 406 F. App'x 883, 889-90 (5th Cir. 2010) (remanding case because the grant of summary judgment was premature as the pleadings were "in their infancy" and "very little discovery [had] taken place").

Adjudicating a plaintiff's summary-judgment motion before the defendants "have yet to file answers to the complaint or oppositions of a substantive nature to the motions for summary judgment" could result in a decision that "overlook[s] material issues of fact which might have been raised." *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981).

That exact result is a possibility here based on the current deadlines, as Defendants assert that improper venue may bar Plaintiff from receiving any relief on its claims in this case, but have not yet had the chance to raise these arguments to the Court. Moreover, Defendants are still evaluating whether they have any other defenses that should be

asserted in a motion to dismiss that might result in the dismissal of some or all of Plaintiff's claims, thereby narrowing the matters actually at issue in summary judgment. As a result, Defendants seek an opportunity to at least first address the potentially case-dispositive question of proper venue—either through their motion to dismiss or through very limited discovery if the motion is denied—before Plaintiffs' summary-judgment motion is evaluated by the Court.

**B.      Deferring consideration of or denying Plaintiff's motion for summary judgment would be appropriate under Federal Rule of Civil Procedure 56(d).**

Defendants move that the Court defer consideration of or deny Plaintiff's motion for summary judgment under Rule 56(d) because discovery on venue will be necessary for Defendants to adequately respond to Plaintiff's motion if their own motion to dismiss for improper venue is denied, but the Federal Rules do not allow for discovery at this stage of litigation. *See Bailey, L.L.C.*, 35 F.4th at 401 (requiring a party to show that additional discovery will create a genuine issue of material fact and diligence).

**1.      Although discovery is generally not allowed in a FOIA case, very limited discovery on venue would be appropriate here as it will create a genuine issue of material fact.**

As Defendants intend to assert in their motion to dismiss, Plaintiff has not alleged facts in its complaint demonstrating that venue is proper in this Court. *See* Fed. R. Civ. P. 12(b)(3). Moreover, Defendants believe that Plaintiff cannot establish that its principal place of business is located in this district, as is necessary for proper venue in a FOIA action. *See* 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(c)(2); *Lawson v. U.S. Dep't of Justice*, 527 F. Supp. 3d 894, 897 (N.D. Tex. 2021). But the detailed factual information

regarding its principal place of business is held by Plaintiff, necessitating discovery to verify Plaintiff's venue allegations and respond to those same allegations in the summary-judgment motion if the case survives the motion to dismiss.[2]

The Fifth Circuit has repeatedly held that a district court abuses its discretion by denying a proper Rule 56(d) motion before the close of the discovery period. *Bailey*, 35 F.4th at 401 (holding that a Rule 56(d) movant averred that additional discovery would create a genuine fact dispute and that she diligently pursued discovery such that "the district court abused its discretion in holding otherwise."); *see id.* at 399 ("This is the third time we have been asked to consider whether a particular district court can deny discovery rights protected by the Federal Rules of Civil Procedure . . . . We have twice held no," and [t]oday we so hold a third time."). "When a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999). Other U.S. courts of appeals have similarly held that district courts "[t]ypically" abuse their discretion if they deny a timely and proper Rule 56(d) motion and rule on a Rule 56 motion before the parties have an opportunity for discovery. *See, e.g.*, *In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 144 (1st Cir. 2014) (citing *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).

Defendants acknowledge that discovery is rare and generally disfavored in the

---

[2] This is particularly true as, unlike in summary judgment, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff" when assessing a Rule 12(b)(3) motion challenging whether venue is proper. *Braspetro Oil Servs. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007).

FOIA context. *See, e.g., Brewer v. U.S. Dep't of Justice*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *5 n.8 (N.D. Tex. July 30, 2019) (report and recommendation), *adopted*, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019); *Ocasio v. Dep't of Justice*, 67 F. Supp. 3d 438, 440 (D.D.C. 2014); *see also Schiller v. Immigr. & Naturalization Servs.*, 205 F. Supp. 2d 648, 653 (W.D. Tex. 2002) (collecting cases). The decision whether to allow discovery in FOIA cases "rests within the discretion of the district judge" and "is to be sparingly granted." *Schiller*, 205 F. Supp. 2d at 653 (internal quotation marks omitted).

In this matter, limited discovery solely on venue would be appropriate because it addresses a threshold issue necessary to bring suit in this district. Courts have previously allowed similarly narrow discovery in FOIA cases, such as when limited discovery was allowed to assess whether the FOIA plaintiff had Article III standing after the federal agency's motion to dismiss on those grounds was denied. *See Smith v. U.S. Immig. and Customs Enforcement*, 429 F. Supp. 3d 742, 748-49 (D. Colo. 2019). Indeed, as the Supreme Court has explained for all civil litigation, "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *accord. Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (citing *Oppenheimer Fund* for the premise that discovery on jurisdiction and venue "makes good sense given that jurisdiction is (1) important, (2) often fact-intensive, and (3) only required to be alleged plausibly").

Plaintiff's summary-judgment motion asserts that "there is no genuine dispute as to any material fact." (Doc. 8 at 1.) Plaintiff also asserts multiple pages of factual

allegations regarding the location of and operations at its claimed headquarters, and the location of its various board members, in the brief to its motion.  (*See* Doc. 9 at 5-8.) Defendants expect, however, that they either will prevail on a motion to dismiss for improper venue or there will be a genuine issue of material fact as to proper venue that would necessitate denial of Plaintiff's summary-judgment motion.  If Plaintiff's claims survive the motion to dismiss on these grounds, Defendants would seek to conduct limited discovery on venue to determine whether Plaintiff's principal place of business really is in the Northern District of Texas.  *See* Delaney Decl. ¶¶ 5, 8-10.  This information is necessary to allow Defendants to adequately respond to Plaintiff's assertions regarding venue in its summary-judgment motion.  *See* Delaney Decl. ¶ 11.

### 2.    Defendants cannot even begin discovery at this time.

As explained in detail above, Defendants' deadline to respond to the complaint has not yet occurred.  *See* Delaney Decl. ¶ 6.  Thus, logically, the parties have not yet conferred in accordance with Rule 26(f), given that such conferences generally occur after the defendant files a response to the complaint.  *See* Fed. R. Civ. P. 26(f)(2)-(3).  But "[a] party may not seek discovery from any source" before the Rule 26(f) conference occurs, except for limited exceptions such as by stipulation or a court order.  Fed. R. Civ. P. 26(d).  Thus, discovery is not allowed under the Federal Rules of Civil Procedure at this time.

Moreover, while Defendants believe it may be possible for the parties to reach a stipulation to engage in early discovery on venue (*i.e.*, one of the exceptions to the prohibition on early discovery under Rule 26(d)), Plaintiff are still allowed 30 days to

respond to any written discovery requests under the rules. *See, e.g.,* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3). Thus, even if Defendants had served written discovery the day after Plaintiff filed its summary-judgment motion (which discovery would have been in violation of the Federal Rules), Plaintiff would not have been required to respond to the discovery requests until after Defendants' deadline to respond to the summary-judgment motion. Thus, Defendants have not been dilatory in seeking the necessary discovery. Indeed, they literally cannot request discovery yet and realistically would have not received much (if any) of the requested information in time to incorporate into any summary-judgment response.

## C.   In the alternative, Defendants can show good cause for an extension of time to respond to Plaintiff's summary-judgment motion.

To the extent the Court does not deny Plaintiff's motion without prejudice as premature, or does not defer consideration of or deny Plaintiff's motion under Rule 56(d), Defendants would respectfully request an extension of time to respond to Plaintiff's summary-judgment motion. A court may, for good cause, extend the time period at issue "for any reason" if the request is made "prior to the expiration of the time limit at issue." *Nelson*, 17 F.4th at 524 (citing Fed. R. Civ. P. 6(b)(1)(A)). Rule 6(b)(1)(A) "should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Indeed, district courts normally grant extension requests made before the deadline in the absence of bad faith by the requesting party or prejudice to the adverse party. *See Reed Migraine Ctrs of Tex., PLLC v. Chapman*, No. 3:14-CV-1204-N, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020)

(quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2008).)

Defendants would request an extension of time to respond until twenty-one days after the Court issues a decision on Defendants' motion to dismiss.[3]  This would ensure neither the parties nor the Court are expending unnecessary resources on briefing and evaluating the summary-judgment motion if the matter is dismissed either in whole or in part based on Defendants' Rule 12 motion.  Defendants would also request this additional time to respond to the summary-judgment motion so that they are not simultaneously briefing a motion to dismiss and a summary-judgment response in this case.  This extension would also allow the parties to see if they can reach a resolution on any of the claims in this case.  Furthermore, this would allow Defendants time to prepare the necessary affidavit(s) to file with their summary-judgment response to satisfy their burden of proof for withholding any of the requested documents identified in Plaintiff's FOIA request.  *See Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002).

This short extension also would not unduly prejudice Plaintiff, as it would not result in any sizable delay in adjudicating this case.  Moreover, it would also inure to Plaintiff's benefit to avoid further summary-judgment briefing for any resolved claims and to avoid responding to the motion to dismiss and completing the summary-judgment

---

[3] This time period between the Court's order and the extended filing deadline would be insufficient to engage in Defendants' requested discovery.  However, Defendants assume that if the Court determines Defendants are not entitled to relief under Rule 56(d), it does not intend to authorize the requested limited discovery.

briefing at the same time.

## IV.     Conclusion

Plaintiff's motion for summary judgment is premature because it comes well before Defendants have responded to the complaint and before the threshold question of venue is resolved.  Therefore, the Court should defer considering Plaintiff's summary-judgment motion while the issue of venue remains outstanding, or deny it without prejudice as premature.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF CONFERENCE

I certify that on July 27, 2023, counsel for Plaintiff Freedom Coalition of Doctors for Choice indicated that it opposes this motion.  Counsel for the parties have since engaged in discussions to try and develop a proposed agreed schedule to conduct limited, expedited discovery on venue over the next 60 days.  The proposed schedule would include a revised date for Defendants' response to Plaintiff's summary judgment motion several days after the end of this expedited discovery period.  However, despite ongoing discussions, the parties have not been able to reach an agreement as of July 31, 2023. The parties are continuing to discuss an agreement regarding scheduling, and counsel for Defendants will notify the Court if any such agreement can be reached.  This motion is intended to protect Defendants' rights in the event an agreement regarding this schedule cannot be reached.

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney


## CERTIFICATE OF SERVICE

On July 31, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney

**Defendants' Motion under Rule 56(d) to Defer Consideration of Plaintiff's Motion for Summary Judgment or, in the Alternative, for an Extension to Respond to Plaintiff's Motion for Summary Judgment – Page 14**