IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

———————————————————————

| | |
|---|---|
| FREEDOM COALITION OF DOCTORS FOR CHOICE, <br><br> Plaintiff, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendants. | Civil Action No. 2:23-CV-00102-Z |

## RULE 56(d) DECLARATION OF SARAH E. DELANEY

I, Sarah E. Delaney, hereby declare:

1. I am competent to make this declaration. I am a member of the state bar of Arizona and am admitted to practice before this Court. As an Assistant United States Attorney for the United States Attorney's Office for the Northern District of Texas, I represent Defendants the Centers for Disease Control and Prevention and the U.S. Department of Health and Human Services in this case. I have personal knowledge of the facts stated below.

2. Plaintiff Freedom Coalition of Doctors for Choice filed a motion for summary judgment well in advance of Defendants' deadline to respond to Plaintiff's complaint and before any deadlines set by this Court for completion of fact discovery or

**Declaration of Sarah E. Delaney – Page 1**

dispositive motions.

3. Plaintiff's complaint alleges that venue is proper in this district pursuant to the venue provision of the Freedom of Information Act (FOIA) statute, 5 U.S.C. § 552(a)(4)(B), and the general venue statute, 28 U.S.C. § 1391.

4. Plaintiff's summary-judgment motion does not address venue directly but recites many of the factual assertions from its complaint regarding its alleged headquarters and the location of its board members. The motion thus appears to implicitly assume that venue is proper in this district based on these allegations.

5. Defendants disagree that venue is proper in this district and intend to file a motion to dismiss for improper venue by their response deadline.

6. As Plaintiff completed service of process on Defendants on July 6, 2023, Defendants' deadline to respond to the complaint is August 7, 2023, pursuant to 5 U.S.C. § 552(a)(4)(C).

7. As Plaintiff filed its motion for summary judgment on July 11, 2023, Defendants' deadline to respond to the motion is August 1, 2023, pursuant to the Local Civil Rules for the Northern District of Texas.

8. If Defendants' motion to dismiss for improper venue is denied, Defendants intend to seek leave to conduct limited discovery on venue to respond to the related allegations in Plaintiff's summary-judgment motion.

9. Defendants would serve written discovery on Plaintiff to determine its principal place of business, including interrogatories and discovery requests for admissions and/or production regarding the "nerve center" of Plaintiff's operations, from

where Plaintiff's operations are directed, from where Plaintiff's operations are controlled, what activities (if any) have occurred at Plaintiff's alleged headquarters, who works or operates out of Plaintiff's alleged headquarters, whether Plaintiff has any employees or volunteers working at its alleged headquarters, when Plaintiff acquired its alleged headquarters, whether any other entities operate out of Plaintiff's alleged headquarters, the location of Plaintiff's board members, when Plaintiff was created, the purpose(s) for Plaintiff's creation, and the scope of contacts between Plaintiff and other entities located outside of this district who have filed similar FOIA requests, among other discovery requests.  Defendants may further take depositions under Federal Rule of Civil Procedure 30 and Rule 30(b)(6) to probe the veracity of Plaintiff's venue allegations.

10.   As Defendants explained in the CDC's motion to dismiss filed in Plaintiff's earlier FOIA case, the information currently available to Defendants indicates that Plaintiff cannot establish its principal place of business is in the Northern District of Texas under the venue requirements set out in relevant case law.  *See Freedom Coalition of Doctors for Choice v. Centers for Disease Control and Prevention*, No. 2:23-CV-00009-Z (N.D. Tex.); Doc. 10 (motion to dismiss); Doc. 11 (brief in support).  As the CDC stated in its brief, Plaintiff has not alleged that it conducts any real operations at its asserted headquarters, its "nerve center" is not located in this district simply because its board members reside in the district, and its alleged connections to this district appear recent, ephemeral, and a construct for litigation.  *See* Doc. 11 at 7-10.  Defendants believe these issues regarding Plaintiff's ability to demonstrate proper venue are still problems in this instant action.

11. Completing the aforementioned fact discovery is necessary to fully respond to the assertions that Plaintiff relies upon in its motion for summary judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2023.

_____
Sarah E. Delaney
Assistant United States Attorney

**Declaration of Sarah E. Delaney – Page 4**