IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| FREEDOM COALITION OF DOCTORS FOR CHOICE,<br><br>    Plaintiff,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants. | Civil Action No. 2:23-CV-00102-Z |

## DEFENDANTS' MOTION TO DISMISS

LEIGHA SIMONTON
UNITED STATES ATTORNEY

Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

# Table of Contents

I. Background ........................................................................................................... 1

    A. Factual background ................................................................................. 1

    B. Procedural history .................................................................................... 3

II. Legal Standard ....................................................................................................... 4

III. Argument and Authorities ..................................................................................... 5

    A. Plaintiff has not shown it resides in the Northern District of Texas. ............ 6

    B. Plaintiff has not demonstrated its principal place of business is in this district. ................................................................................................ 7

    C. None of the remaining FOIA venue provisions indicate this district would be the proper venue for this action. ................................................ 10

IV. Conclusion ........................................................................................................... 11

## Table of Authorities

**Cases**

*Ambraco, Inc. v. Bossclip B.V.*,
  570 F.3d 233 (5th Cir. 2009) ................................................................................................... 5

*Caldwell v. Palmetto State Sav. Bank of S.C.*,
  811 F.2d 916 (5th Cir. 1987) ................................................................................................... 5

*Eidos Display, LLC v. AU Optronics Corp.*,
  6:11-CV-201-LED-JDL, 2011 WL 13098296 (E.D. Tex. Dec. 21, 2011) ...................... 8

*eRoad Ltd. v. PerDiemCo LLC*,
  No. 6:19-CV-00026-ADA, 2019 WL 10303654 (W.D. Tex. Sept. 19, 2019) ................ 9

*Gu v. INVISTA S.a.r.l.*,
  682 F. App'x 316 (5th Cir. 2017) ........................................................................................... 7

*Harrison v. Camtech Precision Mfg., Inc.*,
  No. 4:11-CV-478-Y, 2011 WL 13233354 (N.D. Tex. Nov. 23, 2011) ........................... 7

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ......................................................................................................... 7, 8, 9

*Homer v. AEP Texas Inc.*,
  No. 2:22-CV-151-BR, 2022 WL 11964708 (N.D. Tex. Oct. 20, 2022) ................. 7, 8, 9

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011) ............................................................................................. 8

*In re Scott*,
  709 F.2d 717 (D.C. Cir. 1983) ............................................................................................. 10

*In re Stanford Int'l Bank, Ltd.*,
  No. 3:09-CV-0721-N, 2012 WL 13093940 (N.D. Tex. July 30, 2012) .......................... 7

*In re Zimmer Holdings, Inc.*,
  609 F.3d 1378 (Fed. Cir. 2010) ............................................................................................. 8

*Inst. for Creation Research Graduate Sch. v. Paredes*,
  No. 3:09-CV-0693-B, 2009 WL 4333366 (N.D. Tex. Dec. 1, 2009) ............................. 4

*Lawson v. U.S. Dep't of Just.*,
  527 F. Supp. 3d 894 (N.D. Tex. 2021) ........................................................................ 4, 5, 6

*Lindenberg v. Arrayit Corp.*,
  No. 13-CV-2515-RBK-JS, 2013 WL 5178950 (D.N.J. Sept. 13, 2013) ......................... 7

*Lowery v. Estelle*,
  533 F.2d 265 (5th Cir. 1976) ................................................................................ 5

*McClintock v. Sch. Bd. E. Feliciana Par.*,
  299 F. App'x 363 (5th Cir. 2008) ........................................................................ 5

*Nuttall v. Juarez*,
  984 F. Supp. 2d 637 (N.D. Tex. 2013) ................................................................ 4

*One Diamond Electronics, Inc. v. Yahoo!, Inc.*,
  No. 06-CV-879, 2007 WL 9702701 (W.D. Tex. Feb. 12, 2007) ........................... 8

*Tour Strategy LLC v. Star-Telegram, Inc.*,
  No. 4:18-CV-074-A, 2018 WL 1796555 (N.D. Tex. Apr. 16, 2018) ..................... 7

**Statutes**

5 U.S.C. § 552(a)(4)(B) ............................................................................... 1, 5, 6, 10

5 U.S.C. § 552(a)(6)(A) ........................................................................................... 2

28 U.S.C. § 1391(c)(2) ............................................................................................. 6

28 U.S.C. § 1406 ..................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(3) ................................................................................... 1, 4, 5

Fed. R. Civ. P. 41(b) ............................................................................................... 5

**Other Authorities**

14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
  § 3811.1 (4th ed. 2023) ........................................................................................ 6

Plaintiff Freedom Coalition of Doctors for Choice is an organization that appears to have been created at about the same time it filed a Freedom of Information Act (FOIA) request with the Centers for Disease Control and Prevention (CDC). Plaintiff admits that it "was formed and exists for the sole purpose of obtaining and disseminating to the public" the specific information sought in its FOIA request. (Doc. 1, ¶¶ 14-16; Doc. 1-7.) Moreover, Plaintiff provides scant factual allegations in its complaint to support venue in the Northern District of Texas, based on the location of its alleged headquarters and the asserted residences and work locations of its claimed board members. (Doc. 1, ¶¶ 18, 20-27.) Instead, Plaintiff's basis for venue appears based principally on conclusory labels, not factual allegations.

Plaintiff's conclusory allegations are insufficient to demonstrate venue for its lawsuit under the FOIA. *See* 5 U.S.C. § 552(a)(4)(B). As Plaintiff has failed to demonstrate this district is the proper venue, Defendants CDC and the U.S. Department of Health and Human Services (HHS) move to dismiss all claims in this action under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, alternately, to transfer all claims to a proper forum.

## I.  Background

### A.  Factual background

In December 2020, CDC rolled out a new program for real-time safety monitoring for COVID-19 vaccines, called "V-safe," as a supplement to HHS's longstanding existing vaccine safety surveillance efforts. (Doc. 1, ¶¶ 6, 34-35.) V-safe employed a smartphone-based application that allowed participants who received a COVID-19

vaccine dose to voluntarily enroll and report their (or a dependent's) health after vaccination.  (Doc. 1, ¶ 6 & n.3.)  Participants responded both to check-the-box option questions, where a user would select an answer from prepopulated options, and to questions with free-text fields, in which participants could type in any information desired.  (Doc. 1, ¶¶ 7, 38-39.)

On January 3, 2023, Plaintiff submitted a FOIA request to CDC for "[a]ll data obtained from v-safe users/registrants from the free text fields . . . and the registrant code associated with each free text field/entry" from October 1, 2020 through December 31, 2022.  (Doc. 1, ¶ 60; Doc. 1-2.)  CDC acknowledged receipt of the FOIA request the following day and indicated that it was denying the request for expedited processing and the request for a fee waiver.  (Doc. 1, ¶ 61; Doc. 1-3.)

On January 12, 2023, CDC sent a letter to Plaintiff setting forth the agency's final determination under 5 U.S.C. § 552(a)(6)(A) and producing all responsive, non-exempt records.  (Doc. 1, ¶ 62; Doc. 1-4.)  As CDC's letter explained, the agency produced two datasets (one with redactions) responsive to the request, and withheld in full other responsive records, as there were 7.8 million free-text field entries and the free-text field entries contained personally identifiable information of V-safe participants.  (*Id.*)

On January 13, 2023, Plaintiff filed a lawsuit in this District, challenging the denial of its request for expedited processing of the FOIA request.  *See Freedom Coalition of Doctors for Choice v. Centers for Disease Control and Prevention*, No. 2:23-CV-00009-Z (N.D. Tex.); Doc. 1 (complaint).  On that same date, Plaintiff also appealed CDC's final determination to HHS.  (Doc. 1, ¶ 63.)

**Defendants' Motion to Dismiss – Page 2**

A few weeks later, on January 26, 2023, the Secretary of State of Texas issued a Certificate of Filing for Plaintiff, stating that the Secretary had received a Certificate of Formation for the organization. (Doc. 1-7.).

On March 31, 2023, Plaintiff submitted an appeal to HHS of the fee-waiver denial. (Doc. 1, ¶ 65.) Plaintiff has since been notified that both appeals are administratively closed: the appeal of the final determination was closed due to the commencement of this lawsuit, and the appeal of the fee waiver was closed as moot since no fees arose from the FOIA request.

**B.     Procedural history**

On June 16, 2023, Plaintiff filed its complaint to initiate this case. (Doc. 1.) It repeated many of the same factual assertions regarding venue from its prior FOIA suit in this district, which Plaintiff voluntarily dismissed after CDC filed a motion to dismiss for improper venue, among other defenses.[1] *See Freedom Coalition of Doctors for Choice*, No. 2:23-CV-00009-Z (N.D. Tex.); Doc. 10 (CDC's February 21, 2023 motion to dismiss); Doc. 13 (Plaintiff's March 14, 2023 notice of voluntary dismissal).

Plaintiff asserts it "is a not-for-profit that was formed and exists for the sole purpose of obtaining and disseminating to the public the v-safe free-text data." (Doc. 1, ¶ 14.) It claims venue is proper in this district as it is headquartered at 600 S. Tyler

---

[1] As noted above, although many of the same factual allegations are repeated in this new action, Plaintiff asserted a different cause of action (failure to grant expedited processing of its FOIA request) in its prior case. *See Freedom Coalition of Doctors for Choice*, No. 2:23-CV-00009-Z; Doc. 1, ¶¶ 42-45. However, as Plaintiff voluntarily dismissed its prior case in lieu of responding to the motion to dismiss, the threshold concerns previously raised by the CDC in the prior case as to whether Plaintiff can bring suit in this venue remain unresolved.

Street, Suite 2100 #177, Amarillo, Texas 79101, and that it is registered with the Texas Secretary of State at this address. (Doc. 1, ¶ 16.) Plaintiff also alleges it had its "most recent board meeting" at that address on March 29, 2023, and that this address is the "usual and customary location" of its board meetings. (Doc. 1, ¶ 21.) Finally, it points to the residences of three of its board members and the work location of four of its board members (one of whom also works in Lubbock), presumably to indicate venue is proper in the Amarillo Division of Northern District of Texas. (*Id.*)

In its complaint in this instant action, Plaintiff asserts three claims against Defendants: (1) failure to make a determination on either of its administrative appeals (the appeal of the decision regarding its FOIA request or the appeal of the fee waiver denial) by the required deadline, (2) improper withholding of records, and (3) improper denial of Plaintiff's requested fee waiver. (*See* Doc. 1, ¶¶ 89-104.)

## II. Legal Standard

A plaintiff has a "threshold obligation to show that the case belongs in the particular district court in which" it has chosen to sue. *Lawson v. U.S. Dep't of Just.*, 527 F. Supp. 3d 894, 896 (N.D. Tex. 2021) (citation omitted). Thus, under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint based on improper venue. Once a defendant asserts this defense, courts in this circuit have generally held that the plaintiff bears the burden of showing that venue is proper. *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013); *see also Inst. for Creation Research Graduate Sch. v. Paredes*, No. 3:09-CV-0693-B, 2009 WL 4333366, at *2 (N.D. Tex. Dec. 1, 2009) (collecting cases).

In reviewing a Rule 12(b)(3) motion, a court must accept as true all well-pleaded facts in the complaint and may also "look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Lawson*, 527 F. Supp. 3d at 896 (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)). If a court determines that venue is improper, it has discretion to either dismiss the suit or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008) (*quoting* 28 U.S.C. § 1406(a)); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) ("[A] court has broad discretion in deciding whether to order a transfer" and may do so "upon a motion or sua sponte."). Generally, when dismissing for improper venue, a district court does so without prejudice to re-filing of the suit in the proper forum. *See* Fed. R. Civ. P. 41(b); *Lowery v. Estelle*, 533 F.2d 265, 267 (5th Cir. 1976).

### III.    Argument and Authorities

A FOIA requestor may sue an agency in one of four places: (1) "the district court of the United States in the district in which the complainant resides"; (2) the district in which the complainant "has his principal place of business"; (3) the district "in which the agency records are situated"; or (4) "in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Only courts in these places have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

Based on the allegations in the complaint and the related exhibits, Plaintiff has not

shown that it resides or has its principal place of business in the Amarillo Division of the Northern District of Texas, as detailed below. Nor has it shown that the agency records it seeks are located in this District or Division. This Court therefore does *not* have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). In short, the Amarillo Division of the Northern District of Texas is not an appropriate venue for this action.

A.   **Plaintiff has not shown it resides in the Northern District of Texas.**

The venue provision of FOIA allows a complaint to be brought "in the district in which the complainant resides." 5 U.S.C. § 552(a)(4)(B). The scope of a corporation's "residence" is defined in the general venue provision for federal civil litigation: "[f]or all venue purposes, an entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside . . . if a plaintiff, only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2). Thus, if Plaintiff were relying on this venue provision to bring suit in the Northern District of Texas, it needed to demonstrate it has its principal place of business in this district.[2] As explained below, it has not done so.

---

[2] To be clear, venue for FOIA actions "is governed by Title 5 U.S.C. § 552(a)(4)(B)," the specific FOIA venue provision. *Lawson*, 527 F. Supp. 3d at 897. But "[b]ecause § 1391(c) applies for 'all venue purposes,' the definition [for the scope of the term "resides"] applies" to any special venue statute that permits venue where the plaintiff resides. 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3811.1 (4th ed. 2023).

B.     **Plaintiff has not demonstrated its principal place of business is in this district.**

In determining a party's "principal place of business" for venue purposes, courts have routinely relied on the Supreme Court's decision in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), which established that a corporation's "principal place of business" for purposes of determining diversity jurisdiction is its "nerve center"—i.e., where its "officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93; *see also, e.g.*, *Gu v. INVISTA S.a.r.l.*, 682 F. App'x 316, 317 (5th Cir. 2017); *Tour Strategy LLC v. Star-Telegram, Inc.*, No. 4:18-CV-074-A, 2018 WL 1796555, at *2 (N.D. Tex. Apr. 16, 2018); *In re Stanford Int'l Bank, Ltd.*, No. 3:09-CV-0721-N, 2012 WL 13093940, at *19 (N.D. Tex. July 30, 2012).

As the Court explained in *Hertz*, a corporation's principal place of business will "normally be the place where the corporation maintains its headquarters." 559 U.S. at 93. However, this is only true if the headquarters "is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id*. Under the *Hertz* analysis, Plaintiff's bare allegations that its headquarters are in Amarillo and that it usually holds its board meetings at its headquarters (with only one such board meeting identified) are insufficient to demonstrate that its principal place of business is located in the Northern District of Texas. *See, e.g.*, *Homer v. AEP Texas Inc.*, No. 2:22-CV-151-BR, 2022 WL 11964708, at *3 (N.D. Tex. Oct. 20, 2022); *Tour Strategy LLC*, 2018 WL 1796555, at *2-3; *Lindenberg v. Arrayit Corp.*, No. 13-CV-2515-RBK-JS, 2013 WL 5178950, at *2 (D.N.J. Sept. 13, 2013); *Harrison v. Camtech Precision Mfg., Inc.*, No. 4:11-CV-478-Y, 2011

WL 13233354, at *1-2 (N.D. Tex. Nov. 23, 2011); *One Diamond Electronics, Inc. v. Yahoo!, Inc.*, No. 06-CV-879, 2007 WL 9702701, at *2 (W.D. Tex. Feb. 12, 2007). Similarly, the residence or work location of Plaintiff's board members play no role in determining the location of Plaintiff's "nerve center" or to show that its headquarters is the actual center of its direction, control, and coordination. Thus, Plaintiff has failed to allege facts to support a finding that venue is proper in this Court under this provision.

Importantly, the Supreme Court in *Hertz* held that lower courts should not uncritically accept sparse allegations regarding the location of a party's principal place of business when the record indicates possible forum manipulation. *See Hertz*, 559 U.S. at 97. Federal courts applying *Hertz* have concluded that to establish an entity's "nerve center" requires "[m]ore than a mail drop box, a bare office with a computer, or the location of an annual executive retreat." *Homer*, 2022 WL 11964708, at *2 (quoting *Hertz*, 559 U.S. at 97).

As a result, courts have since considered whether a corporation's alleged connection to a judicial district is "recent, ephemeral, [or] a construct for litigation" that "exist[s] for no other purpose than to manipulate venue." *In re Microsoft Corp.*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011); *accord, e.g.*, *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding that the plaintiff's ties to the forum "appear[ed] to be recent, ephemeral, and an artifact of litigation"); *Eidos Display, LLC v. AU Optronics Corp.*, No. 6:11-CV-201-LED-JDL, 2011 WL 13098296, at *3-4 (E.D. Tex. Dec. 21, 2011) (relying on *Hertz*, *In re Microsoft*, and *In re Zimmer Holdings* in noting that a court must "carefully" consider and apply these decisions in assessing whether a party's ties to

a forum are "ephemeral" and reflect "attempts to 'manipulate venue'").

In this case, Plaintiff's barebones allegations indicate that, at most, it has set up perhaps a virtual office comprised of perhaps "a mail drop box" or "a bare office with a computer" in an office building in Amarillo to manufacture venue; however, that is insufficient under *Hertz*. *See Homer*, 2022 WL 11964708, at *2. Moreover, Plaintiff's alleged connections to the Northern District of Texas raise serious concerns about the legitimacy of its asserted venue. First, Plaintiff admits it was created solely to obtain the records sought in its FOIA request. (Doc. 1, ¶ 19.) Additionally, the organization appears to have been created at around the same time it filed its FOIA request: its FOIA request was submitted on January 3, 2023; it filed its prior lawsuit regarding the FOIA request on January 13, 2023; and its effective date of registration with the Texas Secretary of State's Office is January 26, 2023. (Doc. 1, ¶ 60; Doc. 1-7.)

Plaintiff also fails to allege that any activity occurs at its headquarters beyond its board meetings—and only indicates that one such meeting has actually occurred. (Doc. 1, ¶ 21.) There is no indication that Plaintiff has any staff working at its alleged headquarters, or that any of its operations occur at this alleged headquarters, or that this location is anything more than "a mail drop box [or] a bare office with a computer." *See Homer*, 2022 WL 11964708, at *2; *see also eRoad Ltd. v. PerDiemCo LLC*, No. 6:19-CV-00026-ADA, 2019 WL 10303654, at *5 (W.D. Tex. Sept. 19, 2019) (finding that as the defendant did not "manufacture, conduct business, or employ any person in Texas" and its "only contact with Texas outside of its formation is the leased office in Marshall, TX," the court would not consider the Marshall office in determining venue).

**Defendants' Motion to Dismiss – Page 9**

In fact, Plaintiff's asserted headquarters at 600 S. Tyler Street, Suite 2100, in Amarillo is a virtual office, designed simply to provide a "recognized business address," mail collection, and onsite amenities like printers and on-demand work spaces for a monthly fee. (*See* App.³ 003-6 (webpage print-out from Alliance Virtual Offices). As a result, Plaintiff's recent and limited connections to this venue appear designed simply to litigate in the Northern District of Texas, which falls far short of the necessary demonstration that its principal place of business is in this district.

**C.    None of the remaining FOIA venue provisions indicate this district would be the proper venue for this action.**

A FOIA complaint may also be brought in in the district court of the district in which the agency records are located, or in the District of Columbia. *See* 5 U.S.C. § 552(a)(4)(B). Neither of these options show that venue is proper in this district.

First, Plaintiff has not alleged that the records it seeks are located in this district. Indeed, there is no information in the complaint that even implies the records are located in the Northern District of Texas. Thus, Plaintiff cannot assert proper venue in this district with this option.

Instead, as Plaintiff has failed to demonstrate venue is proper in this district, or in any other district nationwide, it may be appropriate to transfer this case to the United States District Court for the District of Columbia, which is the explicitly statutorily authorized forum for FOIA litigation. *See In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983)

---

³ "App.__" citations refer to the materials in the accompanying Appendix to Defendants' Motion to Dismiss.

**Defendants' Motion to Dismiss – Page 10**

("Section 552(a)(4)(B) reflects an express congressional design to render the District of Columbia an all-purpose forum in FOIA cases.")

## IV. Conclusion

For the foregoing reasons, Plaintiff's complaint should be dismissed in its entirety as the Northern District of Texas is not the proper venue for this action. Alternately, it should be transferred to a proper forum. Defendants further request general relief.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

On August 7, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney