**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| FREEDOM COALITION OF DOCTORS FOR CHOICE,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION and DEPARTMENT OF HEALTH & HUMAN SERVICES,<br><br>　　　　　　　　　　　　　Defendants. | Civil Action No. 2:23-cv-00102 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION UNDER RULE 56(d) TO DEFER CONSIDERATION OF OR DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR AN EXTENSION TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................................. **ii**

**INTRODUCTION**.................................................................................................................... **1**

**FACTS** ...................................................................................................................................... **3**

**ARGUMENT**............................................................................................................................ **6**

**CONCLUSION** ...................................................................................................................... **12**

**CERTIFICATE OF SERVICE** ............................................................................................. **13**

# **TABLE OF AUTHORITIES**

**Cases**

*Afshari v. HHS*,
   No. 05-0826 (D.D.C. Jan. 17, 2006) .................................................................................. 10, 11

*Baker & Hostetler v. United States DOC*,
   473 F.3d 312 (D.C. Cir. 2006) ................................................................................................ 10

*Broaddrick v. Executive Office of the President*,
   139 F. Supp. 2d 55 (D.D.C. 2001) ......................................................................................... 1, 7

*Church of Scientology v. Internal Revenue Serv.*,
   137 F.R.D. 201 (D. Mass. 1991) ....................................................................................... 2, 8, 10

*Cole v. Fed. Emergency Mgmt. Agency*,
   340 F.R.D. 485 (D.D.C. 2022) ............................................................................................. 9, 11

*Founding Church of Scientology v. NSA*,
   610 F.2d 824 (D.C. Cir. 1979), ............................................................................................... 11

*Friedman v. Federal Bureau of Investigation*,
   605 F. Supp. 306 (N.D. Ga. 1981) ......................................................................................... 2, 7

*Hunt v. Bankers Trust Co.*,
   799 F.2d 1060 (5th Cir. 1986) ................................................................................................... 9

*In re AP Indus., Inc.*,
   117 B.R. 789 (Bankr. S.D.N.Y. 1990) ....................................................................................... 9

*In re Clinton*,
   97 F.3d 106 (D.C. Cir. 2020) ................................................................................................... 10

*Miccosukee Tribe of Indians of Fla. v. United States*,
   516 F.3d 1235 (11th Cir. 2008) ................................................................................................ 11

*Miscavige v. Internal Revenue Serv.*,
   2 F.3d 366 (11th Cir. 1993) .................................................................................................... 1, 7

*Murphy v. Federal Bureau of Investigation*,
   490 F. Supp. 1134 (D.D.C. 1980) .................................................................................... 2, 7

*Niren v. Immigration & Naturalization Serv.*,
   103 F.R.D. 10 (D. Or. 1984) ....................................................................................... 2, 8, 11

*Optic153 LLC v. Thorlabs Inc.*,
   No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) ......................... 3, 11

*Pa. Dep't of Pub. Welfare v. United States*,
   No. CIVA 05-1285, 2006 WL 3792628 (W.D. Pa. Dec. 21, 2006) .......................................... 10

*Public Citizen Health Research Group v. Food & Drug Admin.*,
   997 F. Supp. 56 (D.D.C. 1998), *aff'd in part, rev'd on other grounds*,
   337 U.S. App. D.C. 343 F.d 898 (D.C. Cir. 1999) ........................................................... 2, 7, 10

*Pudlowski v. St. Louis Rams, LLC*,
   829 F.3d 963 (8th Cir. 2016) ................................................................................................ 11

*Rugiero v. United States Dep't of Justice*,
   257 F.3d 534 (6th Cir. 2001) ............................................................................................ 1, 2, 7

*Smith v. Immig. & Customs Enforcement*,
   429 F. Supp. 3d 742 (D. Colo. 2019) ................................................................................... 11

*TGM Wind Servs., LLC v. Bartusek*,
   No. 3:16-CV-01007-N, 2016 WL 9527980, (N.D. Tex. Sep. 22, 2016) ................................ 7, 9

*Voinche v. FBI*,
   412 F. Supp. 2d 60 (D.D.C. 2006) .......................................................................................... 9

**Statutes and Rules**

5 U.S.C. § 552(a) ....................................................................................................................... 3, 4

Federal Rule of Civil Procedure 30 ............................................................................................... 7

Federal Rule of Civil Procedure 56 .......................................................................................... 1, 12

**INTRODUCTION**

Plaintiff Freedom Coalition of Doctors for Choice ("**Freedom Coalition**" or "**Plaintiff**") files this memorandum of law in opposition to Defendants Centers for Disease Control and Prevention ("**CDC**") and the U.S. Department of Health and Human Services' (collectively, "**Defendants**") Motion Under Rule 56(d) to Defer Consideration of or Deny Plaintiff's Motion for Summary Judgment, or in the Alternative, for an Extension to Respond to Plaintiff's Motion for Summary Judgment. (Dkt. 14.)

Defendants make much of Plaintiff's choice to file a motion for summary judgment twenty-five days after filing the Complaint; however, as Defendants acknowledge, Plaintiff is well within its rights to do so in this FOIA case. The issue presented to this Court is purely a question of law: namely, whether CDC can withhold or otherwise refuse to disclose data that was collected from Americans and used to justify CDC's claims that Covid-19 vaccines are "safe and effective." Defendants attempt to distract from this central issue with baseless accusations regarding Plaintiff's business operations, requesting that they be granted permission to embark on an aimless fishing expedition to harass Plaintiff and its Board Members while furthering the Government's goal here of delay.

But as Defendants correctly acknowledge, "discovery is rare and generally disfavored in the FOIA context."[1] In fact, Plaintiff knows of no FOIA case where discovery was granted

---

[1] Typically, discovery is not part of a FOIA case, and the decision whether to allow discovery rests within the discretion of the district court judge. *Broaddrick v. Executive Office of the President*, 139 F. Supp. 2d 55, 63 (D.D.C. 2001); *see Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001) (acknowledging that typically district courts dispose of FOIA cases by summary judgment before plaintiff is able to conduct discovery; *Miscavige v. Internal Revenue Serv.*, 2 F.3d 366, 369 (11th Cir. 1993) (denial of leave to take depositions of IRS agents within discretion of court; FOIA cases generally handled on motions for summary judgment; discovery depositions inappropriate until government has chance to provide court with information necessary to make decision on applicable exemptions). When discovery is permitted it is to be "sparingly

regarding venue. Any grant of discovery in this FOIA case for purposes of scrutinizing Plaintiff's business records will not change the fact that venue is appropriate in this District because, as was pleaded in the Complaint, Plaintiff's principal place of business is in this District. (Pl.'s Compl., Dkt.1 at ¶¶ 14, 16, 19–27.) No amount of discovery can change that fact. Indeed, the *only* address for the organization is in this District and Division, the only place the organization has ever held a board meeting is in this District and Division, and the only location that all six board members reside and work is in this District (with half living in this Division and another working in this Division). (*Id.*)

Defendants point to zero objective facts indicating reason to believe that Plaintiff has not sued in the correct venue. And "[a] district court is within its discretion to deny [venue] discovery when there is no indication of fraud or misconduct in the [opposing party's] affidavits, and there

---

granted." *Public Citizen Health Research Group v. Food & Drug Admin.*, 997 F. Supp. 56, 72 (D.D.C. 1998), *aff'd in part, rev'd on other grounds*, 337 U.S. App. D.C. 343, 185 F.3d 898 (D.C. Cir. 1999). Most often, discovery is limited "to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like." *Id.* at 72–73; *see Friedman v. Federal Bureau of Investigation*, 605 F. Supp. 306, 316 (N.D. Ga. 1981) (discovery in FOIA limited to "determining whether complete disclosure has been made. In this form, discovery is used to find whether withheld items are exempt from disclosure or whether a thorough search for documents has taken place."); *Murphy v. Federal Bureau of Investigation*, 490 F. Supp. 1134, 1137 (D.D.C. 1980) (cases uniformly establish discovery in FOIA case may proceed when factual issues arise about "the adequacy or completeness of the government search and index" and this issue can arise "only after the government files its affidavits and supporting memorandum of law"); *Church of Scientology v. Internal Revenue Serv.*, 137 F.R.D. 201, 202 (D. Mass. 1991) (discovery in FOIA case is limited to "certain factual issues, including the scope of the agency's search, its indexing and classification procedures"); *Niren v. Immigration & Naturalization Serv.*, 103 F.R.D. 10, 11 (D. Or. 1984) (scope of discovery limited in FOIA cases to "whether complete disclosure has been made by the agency in response to an individual's request for information." "Whether a thorough search for documents has taken place and whether withheld items are exempt from disclosure are permissible avenues for discovery."). Because discovery is either sparingly granted or not granted at all, plaintiffs are forced to argue the "agency's withholdings exceed the scope of the statute, although only the agency is in a position to know whether it has complied with the FOIA unless the court reviews a potentially massive number of documents in camera." *Rugiero*, 257 F.3d at 544.

2

is no reason to believe that additional information would alter the outcome." *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *4 (W.D. Tex. June 19, 2020). The Court should reject Defendants' attempts to delay resolution of this case by denying the instant Motion seeking to waste party and Court resources in a fruitless expedition clearly intended to harass and delay.

## **FACTS**

Plaintiff is a not-for-profit that was formed and exists exclusively for the purpose of obtaining and disseminating to the public the v-safe free-text data. (Pl.'s Compl., Dkt.1 at ¶¶ 14, 16, 19–27.) This coalition is made up of medical and public health professionals, scientists, and journalists. *Id.* It takes no position on this data other than that it should be made available to the public and scientific community as soon as possible. *Id.*

Consistent with Plaintiff's mission, on January 3, 2023, Plaintiff filed a Freedom of Information Act ("**FOIA**") request for the free-text v-safe data. (Dkt. 1 at Exhibit C.) On January 12, 2023, CDC issued its final determination denying the request. (Dkt. 1 at Exhibit D.) The following day, January 13, 2023, Plaintiff submitted an appeal challenging FDA's improper withholding of responsive records. (Dkt. 1 at Exhibit E.) On January 17, 2023, CDC and HHS acknowledged the appeal and placed it in the complex processing queue. (Dkt. 1 at Exhibit F.)[2]

After CDC and HHS failed to make a final determination on the appeals within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(B)(i), Plaintiff filed a Complaint in the instant matter on June 16, 2023. (Dkt. 1.) Because there are no material facts in dispute, Plaintiff filed a Motion for Summary Judgment on July 11, 2023. (Dkt. 8.)

---

[2] On March 31, 2023, Plaintiff also appealed the CDC's denial of the fee waiver (Dkt. 1 at Exhibit G) which HHS acknowledged on April 3, 2023. (Dkt. 1 at Exhibit H.)

3

Pursuant to the Court's Local Rules, Defendants' response to the Motion for Summary Judgment was due within 21 days, which was August 1, 2023. Pursuant to 5 U.S.C. § 552(a)(4)(C), Defendants' answer to the Complaint was due within thirty days of service of the Complaint, which was August 7, 2023. Defendants did not respond to the Motion for Summary Judgment and, instead, at close of business the day before, they filed the instant Motion. (Dkt. 14.) Subsequently, on August 7, Defendants filed their Motion to Dismiss. (Dkt. 15.)

Plaintiff's Complaint makes plain that venue is appropriate in this Court. (Pl.'s Compl., Dkt.1 at ¶¶ 14, 16, 19-27.) Freedom Coalition's headquarters is and has only been at 600 S Tyler St, Suite 2100 #177, Amarillo, TX 79101 and its most recent board meeting was held on March 29, 2023, at its headquarters in Amarillo, TX, which is the usual and customary location of its board meetings. (*Id.*) The Freedom Coalition has six board members. (*Id.*) Three of its board members reside in Amarillo, Texas (Drs. Pia and Rolf Habersang, and Dr. Deborah Moore), and a fourth works in Amarillo, Texas (Dr. Richard Bartlett). (*Id.*)

Dr. Richard Bartlett is an emergency room physician practicing in Amarillo and Lubbock, Texas. (*Id.*) Dr. Bartlett identified and advocated for the use of budesonide in the treatment of COVID-19, which has become a treatment option in hospitals across the country, including Odessa Medical Center and Odessa Regional Medical Center. (*Id.*)

Dr. Deborah L. Moore lives in Amarillo, Texas and has her medical office at 6141 West Amarillo Boulevard**,** Amarillo, Texas 79106. (*Id.*) Dr. Moore is a family medicine doctor and is the physician-owner and founder of a well-reputed family medicine practice in Amarillo. (*Id.*) Dr. Moore received her medical degree from Texas A&M Health Science Center College of Medicine and recently published a book titled *Covid Treatment: A Clinician's Guide and Commentary on*

4

*the Management of Covid-19* based on her clinical experience treating patients with COVID-19. (*Id.*)

Pia Habersang, EdD, CNS, MSN, APRN is a primary care provider with over 40 years of experience with children in hospital and outpatient settings. (*Id.*) In 2013, Dr. Habersang founded the Pediatric Wellness Center of Amarillo located at 1901 Medi Park Drive, Suite # 110, Amarillo, TX, where she currently practices. (*Id.*)

Rolf Habersang, MD, MPH, and TM specialized in pediatric critical care medicine in Amarillo and was affiliated with multiple hospitals in the area. (*Id.*) He received his medical degree from University of Basel Switzerland. (*Id.*) He has been practicing and teaching since 1973 as a Professor in the Department of Pediatrics at Texas Tech University Health Sciences Center. (*Id.*) In 2002, Dr. Habersang founded Integrated Complementary Alternative Medicine in Amarillo, where he takes care of mostly adult patients, while still seeing some patients at Texas Tech on a part-time basis. (*Id.*) Dr. Habersang is also the supervising and supportive physician at the Pediatric Wellness Center of Amarillo in 2013, located at 1901 Medi Park Dr. Suite # 110, Amarillo, TX where he co-manages patient care with Dr. Pia Habersang. (*Id.*)

Camilla Glenn, APRN, FNP-C is a primary care provider practicing in Lubbock, Texas who worked for a medical organization that laid her off because they disfavored her providing informed consent to patients regarding COVID-19 vaccines. (*Id.* at 26.)

Dr. Paul Thomas is a general surgeon practicing in Lubbock, Texas and the founder of Operation H.O.P.E. USA, a non-profit that, among other things, provides medical care in areas of the world where there may be scant or no capable medical service. (*Id.* at 27.)

Defendants have not offered <u>any</u> other venue that they have some good faith reason to believe is more appropriate. They do not proffer any evidence that might undermine the foregoing

allegations. Instead, they just allege without support or evidence that this venue is "improper" making it clear that they simply do not want to be in this Court.

## ARGUMENT

Defendants' instant Motion complains that their response to Plaintiff's Motion for Summary Judgment was due before the deadline for their answer to the Complaint and that they did not want to waive any defenses by filing a response to the Motion for Summary Judgment without first raising them in a motion to dismiss. Defendants, however, have now subsequently filed a motion to dismiss, raising their objection including as to venue on August 7, 2023. (Dkt. 15.) Consequently, any of Defendants' purported concerns about waiving venue arguments or about Plaintiff's Motion for Summary Judgment being premature are now moot and, for this reason alone, Defendants' Motion should be denied. Defendants have already obtained what they sought insofar as they have indeed had the "opportunity to at least first address the … question of proper venue" prior to responding to the summary judgment motion. (Dkt. 14 at 13.)

Defendants also admit they do not have a good faith basis to challenge venue without additional discovery despite the fact the Complaint, as pleaded and accepting its allegations as true, unequivocally establishes that venue is appropriate in this District. Defendants offer nothing to change that reality.

The basis of Defendants' venue contention is that they simply disagree with the well-pleaded allegations in the Complaint and speculate, baselessly, that there are some goings-on that they could uncover if only they were permitted wholesale access to every aspect of Plaintiff's and its Board Members' records and communications as well as into "entities located outside of this district" with whom Plaintiff may have had "contacts." (Dkt. 14-1, at 3.) It appears that the communications they seek include those with Counsel for the Plaintiff, raising significant privilege

6

issues. Defendants' desire that the Court remedy their wild speculations by granting them purportedly "limited" discovery—which is anything but limited—seeking, via interrogatories, requests for admission, and depositions, the following information:

> [T]he "nerve center" of Plaintiff's operations, from where Plaintiff's operations are directed, from where Plaintiff's operations are controlled, what activities (if any) have occurred at Plaintiff's alleged headquarters, who works or operates out of Plaintiff's alleged headquarters, whether Plaintiff has any employees or volunteers working at its alleged headquarters, when Plaintiff acquired its alleged headquarters, whether any other entities operate out of Plaintiff's alleged headquarters, the location of Plaintiff's board members, when Plaintiff was created, the purpose(s) for Plaintiff's creation, and the scope of contacts between Plaintiff and other entities located outside of this district who have filed similar FOIA requests, among other discovery requests. Defendants may further take depositions under Federal Rule of Civil Procedure 30 and Rule 30(b)(6) to probe the veracity of Plaintiff's venue allegations.

(Dkt. 14-1 at ¶ 9.)

The Court should deny this request. First, as will be more fully addressed in Plaintiff's response to CDC's Motion to Dismiss, venue is as a matter of law appropriate in this District. Plaintiff is required only to present facts that, when taken as true, would establish venue and Plaintiff has done so here. *TGM Wind Servs., LLC v. Bartusek*, No. 3:16-CV-01007-N, 2016 WL 9527980, at *1–2 (N.D. Tex. Sep. 22, 2016). Second, there is no legal precedent for a court to award the extraordinarily broad discovery request against a plaintiff in a FOIA matter. *Broaddrick*, 139 F. Supp. 2d 55, 63; *see Rugiero*, 257 F.3d at 544; *Miscavige*, 2 F.3d 366, 369 (11th Cir. 1993). When discovery is permitted it is to be "sparingly granted." *Public Citizen Health Research Group*, 997 F. Supp. 56, 72, *aff'd in part, rev'd on other grounds*, 337 U.S. App. D.C. 343, 185 F.3d 898 (D.C. Cir. 1999). Most often, discovery is limited "to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like." *Id.* at 72–73; *see*

7

*Friedman*, 605 F. Supp. 306, 316; *Murphy*, 490 F. Supp. 1134, 1137; *Church of Scientology*, 137 F.R.D. 201, 202; *Niren*, 103 F.R.D. 10, 11. Here, the broad based nature of the inquiry that Defendants wish to pursue, namely their efforts to seek limitless discovery on the issues that ostensibly includes their privileged consultation and directives to and discussions with their Counsel, deposing each and every board member and subjecting them to a wide-ranging inquiry about their organization, is untoward to say the least. That is particularly so because the only decisions concerning this organization have been made by these Board members, all of whom work and reside in this District, and most in this division.

Moreover, Plaintiff has been entirely forthcoming and upfront about the fact that it was formed in Amarillo, Texas and "exists for the sole purpose of obtaining and disseminating to the public the v-safe free-text data." (Dkt. 1 at ¶ 14.) Plaintiff has provided more than just bare recitals of venue allegations. It has identified when, where, and by whom it was organized, the names of its Board Members as well as their professions, residential addresses and in some cases business addresses and employers, as well as the date and location of its board meeting since its formation. (Dkt. 1 at ¶¶ 14, 16, 19–27.) Plaintiff has made its Certificate of Filing publicly available by filing it as an exhibit to this case. (Dkt. 1-7 at 93.) As Defendants have discovered, it does indeed reflect that the Secretary of State of Texas received Plaintiff's Certificate of Formation as a domestic nonprofit corporation and, on January 26, 2023, found that it complied with applicable law. (*Id.*) Plaintiff was in fact a legal entity in existence with its principal place of business in Amarillo, Texas at the time it initiated this suit six months later, on June 16, 2023. The number of times its Board Members meet, how often they conduct business, or with whom they confer, does not change the fact that Plaintiff is headquartered in Amarillo and any business that it has conducted or will conduct in the future, regardless of the amount (which depends solely on how hard it has

to fight to get access to the records it seeks from CDC), is in Amarillo, Texas.[3] Plaintiff does not need to show that a requisite amount of business—sufficient to the Defendants' liking—has taken place in order to establish venue is appropriate in this District.[4] Instead, it need only show present facts that, when taken as true, would establish venue. *TGM Wind Services*, 2016 WL 9527980, at *1–2. Plaintiff has more than met this burden.

The Court should also deny Defendants' request for discovery because they have not cited a single case in which a court has taken the highly unusual step of authorizing discovery in a FOIA case over a speculative venue claim made by Defendants.

As Defendants acknowledge, discovery in a FOIA case is exceedingly "rare" and "limited to the scope of the agency's search and its indexing and classification procedures." *Cole v. Fed. Emergency Mgmt. Agency*, 340 F.R.D. 485, 487 (D.D.C. 2022) (internal quotation marks omitted); *see also Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) (stating that discovery in FOIA matters is "limited to the adequacy of the agency's search and similar matters"); *Pub. Citizen Health Research Grp. v. FDA*, 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that FOIA discovery

---

[3] Defendants suggest that the addresses of Plaintiff's Board Members are irrelevant, while simultaneously baselessly suggesting that Plaintiff is not actually conducting its business at its business address. Significantly, however, the *only* other place where Plaintiff's Board Members could possibly conduct business involving Plaintiff—such as answering telephone calls or emails related to the Plaintiff—would be their work or home addresses, nearly all of which are likewise located in Amarillo, Texas. Thus, by *any* measure, Plaintiff's principal place of business is within this District.

[4] As will be addressed more fully in its response to the Motion to Dismiss, Defendants are attempting to turn an issue of venue into an issue of jurisdiction. But as counsel for Defendants should be aware, venue and jurisdiction are fundamentally different questions: objection to the former can be waived but objection to the latter (which is not in question here) cannot. *See Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1068 (5th Cir. 1986); *see also In re AP Indus., Inc.*, 117 B.R. 789, 797 (Bankr. S.D.N.Y. 1990) ("There exists no legal basis, nor have the Defendants cited any authority, to suggest that subject matter jurisdiction, once properly invoked, is extinguished by a change of venue, or perhaps in this instance by a change of mind. Indeed, it would appear that Defendants have used two separate legal concepts interchangeably as part of the underlying basis for the relief requested in their motion.").

would be limited to "investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like"), *rev'd in part on other grounds*, 185 F.3d 898 (D.C. Cir. 1999); *Church of Scientology v. IRS*, 137 F.R.D. 201, 202 (D. Mass. 1991) (noting that discovery in a FOIA case is limited to "certain factual issues, including the scope of the agency's search, its indexing and classification procedures").

As Defendants are surely aware, such limitations are because discovery in FOIA cases is virtually always targeted at the governmental agency involved. Governmental agencies, such as CDC and HHS, have spent decades imploring the courts to limit discovery in FOIA cases and have largely gotten their way. *See, e.g.*, *In re Clinton*, 97 F.3d 106, 113–15 (D.C. Cir. 2020); *Baker & Hostetler v. United States DOC*, 473 F.3d 312, 318 (D.C. Cir. 2006). Defendants now attempt to reverse the rule that governmental agencies like CDC and HHS have previously argued for. *See, e.g.*, *Pa. Dep't of Pub. Welfare v. United States*, No. CIVA 05-1285, 2006 WL 3792628, at *27 (W.D. Pa. Dec. 21, 2006) (HHS opposing a plaintiff's discovery request in FOIA action); *Afshari v. HHS*, No. 05-0826 (D.D.C. Jan. 17, 2006) (Dkt. 29 at 16–17) (HHS opposing a plaintiff's motion for discovery in FOIA case because the "plaintiffs' assumption that additional records exist is based on a false premise and sheer speculation," and noting that "[t]he use of discovery is greatly restricted in FOIA cases and is generally inappropriate"). The Court should reject this attempt.

Were the Court to grant discovery, the only appropriate scope of such discovery would be the CDC or HHS and the only appropriate topics would involve "[w]hether a thorough search for documents has taken place and whether withheld items are exempt from disclosure are permissible avenues for discovery," or "how agency employees 'conducted a search, which files were reviewed, what search terms were used, how the documents were produced to [the agency's FOIA specialist], whether any documents were withheld from production, who made the decisions about

withholding, and other relevant questions.'" *Cole*, 340 F.R.D. at 487 (quoting *Niren v. Immig. & Naturalization Serv.*, 103 F.R.D. 10, 11 (D. Or. 1984) and *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1246 (11th Cir. 2008)).

It is completely without precedent for a defendant agency in a FOIA matter to seek discovery against a plaintiff solely for purposes of bolstering a venue-related argument, particularly where, (i) there is no credible or articulable basis to doubt the complaint's allegations and, (ii) federal jurisdiction is not at issue. Defendants can cite no case in support for this type of request, presumably because there is none. In fact, the only cases Defendants cite involve either non-FOIA matters or matters where the plaintiff's standing or the federal court's jurisdiction were in question. *See, e.g.*, *Smith v. Immig. & Customs Enforcement*, 429 F. Supp. 3d 742, 749-50 (D. Colo. 2019) (Agency challenged plaintiff's Article III standing and, to that end, was permitted only written discovery into the likelihood that plaintiff would again be denied records due to the agency policy she was challenging); *see also Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (noting the court could consider post-removal evidence in determining whether there was diversity jurisdiction).

As is well settled, "[d]iscovery routinely should be denied when the [movant]'s efforts are made with nothing more than 'a bare hope of falling upon something that might impugn the affidavits' submitted by the [non-movant], *see Founding Church of Scientology v. NSA*, 610 F.2d 824, 836–37 n.101 (D.C. Cir. 1979), or is in reality merely on a 'fishing expedition.'" *Afshari*, No. 05-0826 (Dkt. 29 at 17). "A district court is within its discretion to deny [venue] discovery when there is no indication of fraud or misconduct in the [opposing party's] affidavits, and there is no reason to believe that additional information would alter the outcome." *Optic153 LLC*, 2020 WL 3403076, at *4.

11

It is respectfully submitted that this Court should not be the first to invite a governmental agency to invoke discovery without any colorable basis on the issue of venue and Defendants' Motion should be wholly denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to deny Defendants' Motion Under Rule 56(d) to Defer Consideration of or Deny Plaintiff's Motion for Summary Judgment, or in the Alternative, for an Extension to Respond to Plaintiff's Motion for Summary Judgment.

Dated: August 21, 2023

*/s/ John C. Sullivan*
John C. Sullivan
**S|L LAW PLLC**
Texas Bar Number: 24083920
610 Uptown Boulevard, Suite 2000
Cedar Hill, Texas 75104
(469) 523–1351 (v)
(469) 613-0891 (f)
john.sullivan@the-sl-lawfirm.com

Christopher Wiest*
Chris Wiest, Atty at Law, PLLC
25 Town Center Boulevard, Suite 104
Crestview Hills, KY 41017
(513) 257-1895 (c)
(859) 495-0803 (f)
chris@cwiestlaw.com

*pro hac vice*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, a true and correct copy of this Memorandum was served by CM/ECF on all counsel or parties of record.

*/s/ John C. Sullivan*
John C. Sullivan
**S|L LAW PLLC**
Texas Bar Number: 24083920
610 Uptown Boulevard, Suite 2000
Cedar Hill, Texas 75104
(469) 523–1351 (v)
(469) 613-0891 (f)
john.sullivan@the-sl-lawfirm.com

13