IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

FREEDOM COALITION OF DOCTORS
FOR CHOICE,

     Plaintiff,

v.

CENTERS FOR DISEASE CONTROL
AND PREVENTION, and U.S.
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

     Defendants.

Civil Action No. 2:23-CV-00102-Z

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION UNDER RULE 56(D) TO DEFER CONSIDERATION OF OR DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR AN EXTENSION TO RESPOND TO PLAINTIFF'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

     In their motion, Defendants requested several different forms of relief: (1) denial of Plaintiff's motion for summary judgment without prejudice as premature; (2) deferred consideration of Plaintiff's motion for summary judgment until their motion to dismiss is resolved; (3) deferred consideration of Plaintiff's motion for summary judgment until the parties engage in venue discovery (if the motion to dismiss is denied), or (4) an extension for Defendants to respond to Plaintiff's motion for summary judgment until the motion to dismiss is resolved.  (*See generally* Doc. 14.)

     But Plaintiff Freedom Coalition of Doctors for Choice fails to directly address *any*

of these in its response.  (*See generally* Doc. 18.)  As a result, Defendants' Motion under Rule 56(d) to Defer Consideration of or Deny Plaintiff's Motion for Summary Judgment or, in the Alternative, for an Extension to Respond to Plaintiff's Motion for Summary Judgment should be granted.

**A.    Plaintiff fails to address the majority of Defendants' arguments.**

In its response, Plaintiff focuses solely on the question of discovery.  (*See generally* Doc. 18.)   Plaintiff argues that even limited discovery on the issue of venue should not be allowed—despite being a threshold question necessary to determine whether the Northern District of Texas is the appropriate district for this case—because Plaintiff believes it has sufficiently alleged in its complaint that venue is proper.  At best, that responds to a portion of Defendants' third alternative requested form of relief: limited venue discovery and deferred consideration of the summary-judgment motion if Defendants' motion to dismiss is denied.

But Plaintiff never challenges Defendants' argument that its summary-judgment motion was premature.  Indeed, Plaintiff never even addresses any of the caselaw cited by Defendants that federal courts typically dismiss without prejudice summary-judgment motions filed by a plaintiff before a defendant's answer deadline. (*See* Doc. 14 at 5-7.)

Nor does Plaintiff respond to Defendants' arguments that it would be appropriate to either defer consideration of Plaintiff's summary-judgment motion or grant Defendants an extension to respond to Plaintiff's summary-judgment motion until Defendants' motion to dismiss for lack of proper venue has been resolved.  (*See* Doc. 14 at 7-13.)

Plaintiff claims that Defendants' motion is just a delay tactic and that there is "no credible or articulable basis to doubt the complaint's allegations" on venue.  (Doc. 18 at 3, 11.)  But Defendants have asserted "credible and articulable bas[e]s to doubt the complaint's allegations" on venue on several occasions and in multiple cases brought by Plaintiff in this district.  (*See, e.g.,* Doc. 14-1, at ¶¶ 9-11 (declaration in support of Rule 56(d) motion); Doc. 15 (motion to dismiss).)  These concerns about whether the case can move forward in this district are the reason Defendants believe the issue of venue must be addressed prior to the parties' summary-judgment briefing.

Defendants' explanation about the necessity of determining venue before any substantive issues are evaluated is also misconstrued by Plaintiff.  Plaintiff inaccurately claims that Defendants did not "want to waive any defenses by filing a response to the Motion for Summary Judgment without first raising them in a motion to dismiss," and now that Defendants have filed their still-not-fully-briefed-or-ruled-upon motion to dismiss, that is good enough because Defendants "have already obtained what they sought."  (Doc. 18 at 6.)  But just having the chance to file a motion to dismiss was not the reason for Defendants' motion.  As Defendants repeatedly explained, the question of whether venue is proper in this district should be *resolved* before the case moves on to summary judgment.  (*See, e.g.*, Doc. 14 at 1, 2, 5, 7, 12, 13.)

As Plaintiff fails to explain why the Court should not, at a minimum, defer consideration of its motion for summary judgment and grant Defendants' request for an extension to respond until after the motion to dismiss is resolved, Defendants' motion

should be granted on that basis alone.  *See* Fed. R. Civ. P. 6(b)(1)(A); Fed. R. Civ. P. 56(d); *see also Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (reversing and remanding where district court denied Rule 56(d) motion and granted summary judgment); *Bakri v. Nautilus Ins. Co.*, No. 3:21-CV-2001-N, 2023 WL 1805142, at *1 (N.D. Tex. Feb. 7, 2023) (explaining that motions under Rule 6(b)(1)(A) "normally will be granted in the absence of bad faith" by the party seeking relief "or prejudice to the adverse party").

**B.      Discovery is rare in FOIA cases, but should be allowed here to determine whether venue exists to allow this case to proceed in the Northern District of Texas.**

As Defendants explained in their motion, they believe discovery—limited, targeted discovery[1]—on venue is necessary to properly determine whether the Northern District of Texas is the proper venue for this litigation.  (Doc. 14 at 7-11.)  Plaintiff devotes its entire response to addressing this one argument made by Defendants.

In accord with Defendants' own statements, Plaintiff accurately states that discovery is rare in Freedom of Information Act (FOIA) cases, but the decision to allow discovery is within the discretion of the district court judge.  (Doc. 18 at 1 & n.1.) Furthermore, Plaintiff is correct that, when granted, discovery in FOIA cases generally

---

[1] Plaintiff claims that in discovery, Defendants are seeking "communications . . . with Counsel for the Plaintiff." (Doc. 18 at 6.)  It is unclear where that incorrect assertion is coming from.  Defendants have never asked for the production of any privileged communications between Plaintiff and its attorneys, nor does Defendants' explanation of the discovery they seek indicate that they would request any such communications if discovery is allowed. (*See* Doc. 14-1, at ¶ 9.)  Defendants are simply asking for discovery to determine the accuracy of Plaintiff's claim that it meets the necessary requirements for a plaintiff-organization asserting venue under 5 U.S.C. § 552(a)(4)(B), as those terms under the FOIA venue provision have been defined in federal caselaw. (*See* Doc. 15 (motion to dismiss) at 5-11.)

focuses on issues related to the FOIA process itself, such as the scope of the agency's search or the indexing procedures used by the agency.  (*Id*.)  But as Plaintiff itself notes, these are discovery requests made of the defendant agency in a FOIA suit.  (Doc. 18 at 10.)  Logically, these are not questions to be asked of the FOIA plaintiff, who would not have independent knowledge (much less knowledge the defendant agency itself would not have) of how the FOIA search was performed by the agency.

These limitations on FOIA discovery of a defendant agency stem from the purpose behind a FOIA lawsuit.  FOIA requires a federal agency to disclose agency records upon request unless they may be withheld pursuant to one of the enumerated exemptions listed in 5 U.S.C. § 552(b).  *See Heily v. U.S. Dep't of Comm.*, 69 F. App'x 171, 173 (4th Cir. 2003).  A defendant agency therefore has the burden of demonstrating in a FOIA suit "that its search for the requested material was adequate and that any withheld material is exempt from disclosure."  *Brewer v. U.S. Dep't of Justice*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *2 (N.D. Tex. July 30, 2019) (report and recommendation), *adopted*, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019).  The agency can meet this burden by producing detailed affidavits or declarations, which are entitled to a "presumption of legitimacy," so long as they sufficiently demonstrate why the factual information sought falls within the statutory exemption asserted.  *See id.* at *3 (citing *Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010); *Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002)).  Thus, discovery into the agency's actions is not usually allowed until after these affidavits are filed with the agency's summary-

judgment motion, and until the plaintiff either makes a showing of bad faith on the part of the agency sufficient to impugn its affidavit or provides tangible evidence that one of the claimed FOIA exemptions should not apply. *See, e.g., Negley v. FBI*, 589 F. App'x 726, 732 (5th Cir. 2014); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Given the purpose of a FOIA lawsuit and the necessary grounds for a plaintiff to prevail in such a suit, federal caselaw on FOIA discovery understandably has principally focused on the scope and methods of discovery that a FOIA plaintiff may seek to demonstrate the FOIA defendant has not met its burden.

Plaintiff tries to construe these limitations on discovery served on a FOIA *defendant* to mean that all discovery should be prohibited against any FOIA *plaintiff*. But this ignores the reality that every plaintiff in every federal lawsuit must demonstrate that venue is appropriate in the district and division in which it filed suit. *See* 28 U.S.C. § 1391(b) (general federal civil litigation venue provision); *see also* 5 U.S.C. § 552(a)(4)(B) (FOIA venue provision).

If Plaintiff's theory were correct, a FOIA plaintiff could apparently bring suit almost anywhere it wanted, as there would be no real way to verify a plaintiff's venue allegations if a plaintiff could plead just enough to survive a motion to dismiss. And Plaintiff's theory would mean that no FOIA plaintiff would ever have to engage in discovery to support their jurisdictional or venue assertions if challenged. But this bold claim is not supported by caselaw. *See, e.g., Smith v. U.S. Immig. and Customs Enforcement*, 429 F. Supp. 3d 742, 748-49 (D. Colo. 2019) (allowing the agency to

engage in limited discovery to assess whether the FOIA plaintiff had Article III standing); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (explaining why venue discovery can be appropriate, as "discovery [is not] limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits"). Nor has Plaintiff pointed to any case where a defendant agency's request for venue discovery in a FOIA suit was denied.

Instead, limited, targeted venue discovery would be appropriate here, to the extent the Court denies Defendants' still-pending motion to dismiss, as "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund*, 437 U.S. at 351 n.13; *accord. Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (citing *Oppenheimer Fund* for the premise that discovery on jurisdiction and venue "makes good sense given that jurisdiction is (1) important, (2) often fact-intensive, and (3) only required to be alleged plausibly . . .").

But even if the Court decides not to grant Defendants' request for targeted discovery on venue, that does not mean Defendants' motion also must be denied. In fact, the request for limited venue discovery was only a small portion of Defendants' overall motion. And as noted above, Plaintiff has not addressed the majority of Defendants' requested relief. As a result, Defendants' motion should still be granted in part, even if one of the multiple alternate forms of requested relief (to conduct limited venue discovery) is not.

**C.     Conclusion**

For the foregoing reasons, and those in Defendants' Motion, Defendants respectfully request that this Court grant their motion and defer consideration of Plaintiff's summary-judgment motion and extend Defendants' deadline to respond to Plaintiff's motion while the issue of venue remains outstanding, or in the alternative, to deny Plaintiff's motion for summary judgment without prejudice as premature.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8730
Facsimile:    214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

On September 5, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
