IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| FREEDOM COALITION OF DOCTORS FOR CHOICE, <br><br> Plaintiff, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendants. | Civil Action No. 2:23-CV-00102-Z |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

In its response to Defendants' motion to dismiss (Doc. 15), Plaintiff Freedom Coalition of Doctors for Choice simply reiterates the same allegations about venue from its complaint. (*See generally* Doc. 19.) But just repeating the same claims about which Defendants have already raised concerns does not make these claims any more valid. As Plaintiff has not met its burden of showing that venue is proper in the Amarillo Division of the Northern District of Texas, Defendants' motion to dismiss should be granted.

A. **Once venue is challenged via a motion to dismiss, a plaintiff must demonstrate that venue is actually proper where the suit was filed—but Plaintiff has not done so.**

When evaluating a Rule 12(b)(3) motion to dismiss, most district courts in the Fifth Circuit "have imposed the burden of proving that venue is proper on the plaintiff

once a defendant has objected to the plaintiff's chosen forum." *Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (collecting cases). Thus, Plaintiff now has the burden here to demonstrate that venue is proper in the Amarillo Division of the Northern District of Texas. However, as explained in greater detail below, it has failed to do so.

Importantly, the Freedom of Information Act (FOIA) allows for suit by a FOIA requestor in several possible venues. (*See* Doc. 15, at 5 (quoting 5 U.S.C. § 552(a)(4)(B)), and at 6-11 (discussing how Plaintiff has not demonstrated venue is proper in the Northern District of Texas under any of the available options).) The only option that Plaintiff addresses is its "principal place of business," which it continues to claim must be treated as Amarillo, Texas. (Doc. 19, at 6-10.) But as Defendants already explained in their motion, Plaintiff has not sufficiently alleged that its principal place of business *is* in Amarillo for purposes of venue under FOIA.

To support its claim for venue, Plaintiff argues it has already provided enough information, given that it "has identified when, where, why, and by whom it was organized, the names of its Board Members (as well as their professions, residential addresses, and in some cases business addresses and employers), as well as the date and location of board meetings since its formation." (Doc. 19, at 6-7.) None of these are sufficient to demonstrate proper venue in this division and district. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93, 97 (2010); *Homer v. AEP Texas Inc.*, No. 2:22-CV-151-BR, 2022 WL 11964708, at *3 (N.D. Tex. Oct. 20, 2022).

First, Plaintiff states its board members "began to take steps" in December 2022 to

**Defendants' Reply in Support of Their Motion to Dismiss – Page 2**

create the organization for the sole purpose of requesting information from Defendants, and also points to its January 2023 formal incorporation with the Texas Secretary of State at a virtual office location in Amarillo, Texas, as proof that its principal place of business should be determined as Amarillo.  (Doc. 19, at 3-4; Doc. 20-1, ¶¶ 5, 8.)  But Plaintiff does not dispute that it served both its FOIA request and its initial lawsuit mere days after it "began to take steps" to create the organization, and before it was even incorporated with the Secretary of State.  (Doc. 15, at 2-3.)  Given this timeline, it appears that Plaintiff was created and formally incorporated primarily for purposes of trying to create venue in this district and division.  Indeed, there was no need for Plaintiff to undertake these steps to submit any FOIA requests or publish any provided data.

      The Supreme Court has indicated that lower courts should not uncritically accept sparse allegations regarding the location of a party's principal place of business when the record indicates possible forum manipulation.  *See Hertz*, 559 U.S. at 97; *see also In re Microsoft Corp.*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011) (finding incorporating in Texas "sixteen days before filing suit" was not "meaningful" given that the relevant office appeared to be created to manipulate venue); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (determining that the company's principal place of business was not in Texas as the company's Texas offices staffed no employees, were "recent, ephemeral, and an artifact of litigation," and appeared to only exist for forum manipulation).  Thus, Plaintiff cannot simply point to its creation and formal incorporation in Amarillo at about the same time it filed suit as sufficient evidence that its principal place of business is in this district and division.

Second, Plaintiff continues to claim that because some of its board members live and/or work in Amarillo, that shows its principal place of business is also Amarillo. (Doc. 19, at 4; Doc. 20-1, ¶ 11.) But the location of an organization's *board members* does not demonstrate where the *organization* has its principal place of business, particularly if that is not where the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92-93. Moreover, if Plaintiff were correct that a board member's residence or work location was sufficient to prove a principal place of business because the board members conduct organizational business from their home or office, it is not clear why Plaintiff's principal place of business should not be deemed either Lubbock (where two of the board members live and work, and the declarant himself works) or Midland (where the declarant himself lives) under that same analysis. (Doc. 19, at 4; Doc. 20-1, ¶ 11.)

Third, Plaintiff asserts that it has had "all" its board meetings at its virtual office in Amarillo. (Doc. 19, at 3-4; Doc. 20-1, ¶ 9.) But it has only indicated that one board meeting has ever occurred, on March 29, 2023. (*See* Doc. 1, ¶ 21.) It provides no other dates for any other board meetings in response to the motion to dismiss. (*See generally* Doc. 19, Doc. 20-1.) Thus, while Plaintiff may assert this virtual office is its "headquarters" because it held one board meeting there, that is insufficient to demonstrate that it is Plaintiff's principal place of business. *See Hertz*, 559 U.S. at 93 (explaining that while an organization's principal place of business is normally where it "maintains its headquarters," that is only true if the headquarters "is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office

**Defendants' Reply in Support of Their Motion to Dismiss – Page 4**

where the corporation holds its board meetings").

To establish an organization's principal place of business or "nerve center," it requires "[m]ore than a mail drop box, a bare office with a computer, or the location of an annual executive retreat." *Homer*, 2022 WL 11964708, at *2 (quoting *Hertz*, 559 U.S. at 97). But that is exactly what Plaintiff's virtual office is—a location to get mail and hold its one board meeting. It has no employees, nor has it apparently undertaken any other business besides (1) submitting the FOIA request, (2) appealing the FOIA decision, and (3) filing litigation. (Doc. 20-1, ¶¶ 8-9.) Thus, Plaintiff has failed to demonstrate that its principal place of business is in Amarillo and thus failed to meet its burden to show venue is proper in the Amarillo Division of the Northern District of Texas.

And if venue is improper, a district court "has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper." *Galderma Lab'ys, L.P.*, 290 F. Supp. 3d at 606 (citing 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).) FOIA explicitly allows for suit in the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Based on the limited factual information produced by Plaintiff, it has failed to demonstrate that venue is proper in any other district besides the District of Columbia. Thus, if the Court does not dismiss Plaintiff's complaint outright for lack of venue, it should transfer the case to the District of Columbia.[1] *See Caldwell*, 811 F.2d at 919 ("[A] court has broad discretion

---

[1] Plaintiff incorrectly claims that the case cannot be transferred because Defendants did not explicitly indicate that their motion to dismiss was also a "motion to transfer venue" and did not provide a detailed analysis of the transfer factors. (*See* Doc. 19 at 10-11.) This argument is belied by both statute and Fifth Circuit caselaw. *See, e.g.,* 28 U.S.C. § 1406(a); *Caldwell*, 811 F.2d at 919. Moreover, of the eight public- and private-interest factors identified by the Fifth Circuit to assess whether to transfer a case,

in deciding whether to order a transfer" and may do so "upon a motion or sua sponte.").

**B.     Defendants request that limited, targeted discovery solely on the issue of venue be allowed if this motion is denied.**

To the extent the Court determines that Plaintiff has sufficiently pleaded venue allegations to survive the motion for dismiss for lack of proper venue, Defendants would seek leave to conduct limited, targeted discovery on this issue, for the reasons already articulated in detail in their briefing on their motion under Rule 56(d).  (*See, e.g.,* Doc. 14, at 7-11; Doc. 14-1, ¶¶ 4-5, 8-11; Doc. 21, at 4-7.)

As both Plaintiff and Defendants have explained, a plaintiff has a comparatively low burden to demonstrate venue in the context of a motion to dismiss, given that a court must accept as true all well-pleaded facts in the complaint when evaluating the motion to dismiss.  (*See* Doc. 15 at 5 (citing *Lawson*, 527 F. Supp. 3d at 896); Doc. 19 at 6 (citing *TGM Wind Servs., LLC v. Bartusek*, No. 3:16-CV-01007-N, 2016 WL 9527980, at *1-2 (N.D. Tex. Sept. 22, 2016).)  However, Plaintiff has already filed a motion for summary judgment, which has a comparatively higher burden for granting.  *See Hunt v. Cromartie*, 526 U.S. 541, 549 (1999) (explaining that summary judgment "is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (stating that "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if

---

many weigh in favor of transferring venue to the District of Columbia.  *See In re Volkswagen of Am. Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  However, as neither party performed a detailed analysis of these factors in their briefing, Defendants would be willing for both parties to provide supplemental briefing on that issue, if helpful for the Court.

the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Here, Defendants assert there are already sufficient questions about the threshold, material issue of venue that necessitate denying summary judgment for Plaintiff. Plaintiff logically cannot be "entitled to judgment as a matter of law" in this case if it could not file suit in this district in the first place.  Moreover, whether venue properly lies in this division and district is a critical question to determine whether the case can be resolved on Plaintiff's motion for summary judgment (if Defendants' motion to dismiss is denied).  Therefore, the requested limited and targeted discovery solely on venue is appropriate to ensure the parties can both fully address the matter of venue in their summary-judgment briefing, either by allowing Plaintiff to demonstrate venue is proper in the Amarillo Division of the Northern District of Texas or (more likely) by providing additional facts that support Defendants' argument that venue is not proper here.

### C.     Conclusion

For the foregoing reasons, and those in Defendants' Motion, Defendants respectfully request that this Court grant their motion and dismiss Plaintiff's complaint in its entirety as Plaintiff has not demonstrated the Northern District of Texas is the proper venue for this action.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8730
Facsimile:    214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

On September 11, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney