IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| FREEDOM COALITION OF DOCTORS FOR CHOICE, <br><br> Plaintiff, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendants. | Civil Action No. 2:23-CV-00102-Z |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Centers for Disease Control and Prevention (CDC) and the United States Department of Health and Human Services (HHS) (collectively, "Defendants") file, without waiving any defenses or affirmative defenses to which they may be entitled, this answer and defenses to the June 16, 2023 complaint of Plaintiff Freedom Coalition of Doctors for Choice (Doc. 1.) Answering the allegations of each paragraph of the complaint, and using the same headings and sub-headings (which are not admissions), Defendants respond as follows:

### INTRODUCTION

1.  The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is

**Defendants' Answer to Plaintiff's Complaint – Page 1**

deemed required, Defendants deny the allegations.

2. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants admit the allegations about the CDC.

3. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

4. The allegations in this paragraph consist of legal conclusions to which no response is required and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

5. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants admit the quotation in the paragraph but deny the remaining allegations regarding the Vaccine Adverse Events Reporting System.

6. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants admit the quotations in the paragraph.

7. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants deny the allegations.

8. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is

deemed required, Defendants deny the allegations.

9. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

10. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

11. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants admit that the CDC's Advisory Committee on Immunizations has voted to add the COVID-19 vaccine to CDC's routine childhood immunization schedule. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

12. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

13. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

14. Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations contained in this paragraph.

15. Defendants admit the allegation in the first sentence of this paragraph that they received from Plaintiff a FOIA request dated January 3, 2023. Defendants respectfully refer the Court to that FOIA request for a true and complete statement of its contents. To the extent that Plaintiff's description is inconsistent with that request, Defendants deny the allegations in the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the averment in the first sentence about Plaintiff's reason for submitting its FOIA request. Defendants also admit the allegation in the second sentence of this paragraph that the CDC provided Plaintiff with a final response letter on January 12, 2023. Defendants respectfully refer the Court to that letter for a true and complete statement of its contents. To the extent that Plaintiff's description is inconsistent with that letter, Defendants deny the allegations in the second sentence. The allegation in the third sentence is a legal conclusion to which no response is required.

## PARTIES

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17. Defendants admit the allegation in the first sentence of this paragraph. The allegation in the second sentence is a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

18. The allegations in this paragraph consist of legal conclusions to which no response is required.

# FACTS

I.  **The Freedom Coalition**

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

II. **COVID-19 Vaccines**

28. The allegations in this paragraph do not set forth a claim for relief or aver

facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

29. The allegations in this paragraph consist of legal conclusions to which no response is required, nor do they set forth a claim for relief or aver facts in support of a claim to which an answer is required. Defendants further lack knowledge or information sufficient to form a belief about the truth of the allegations.

30. The allegations in this paragraph consist of legal conclusions to which no response is required, nor do they set forth a claim for relief or aver facts in support of a claim to which an answer is required.

### III. V-Safe

31. The allegations in this paragraph consist of legal conclusions to which no response is required, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

32. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants admit the quotation in the paragraph and deny the remaining allegations.

33. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is deemed required, Defendants admit the second sentence of the paragraph and deny the remaining allegations.

34. Defendants admit that the CDC published a document titled "V-safe active surveillance for COVID-19 vaccine safety" and respectfully refer the Court to that document for a true and complete statement of its contents. Defendants also admit the quotation in the second sentence.

IV. **V-Safe Users**

35. Defendants admit the allegations in this paragraph.

36. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

37. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

V. **The Data V-Safe Collects**

38. Defendants admit the allegations in this paragraph.

39. Defendants admit the second and third sentences of this paragraph and deny the remaining allegations in this paragraph.

40. Defendants admit that Plaintiff included an image of a survey that was sent to a v-safe user.

41. Defendants admit the allegations in this paragraph.

42. The allegations in this paragraph do not set forth a claim for relief or aver

facts in support of a claim to which an answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

43.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

44.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent an answer is deemed required, Defendants deny the allegations.

45.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief about Plaintiff's concerns and deny the remaining allegations in this paragraph.

46.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent a response is deemed required, Defendants deny the allegations.

47.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

**VI.     CDC Designed V-Safe to Hide Important Data in the Free-Text Fields**

48.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent an answer is

deemed required, Defendants admit the V-safe protocol includes the image of the referenced chart but deny the remaining allegations.

49. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

50. Defendants deny the allegations in this paragraph.

51. Defendants deny the allegations in this paragraph.

52. Defendants deny the allegations in this paragraph.

### VII. Location of the Requested V-Safe Data

53. Defendants admit the allegations in this paragraph.

54. Defendants admit the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph, except admit that the V-Safe Protocol was revised. Defendants respectfully refer the Court to that document for a true and complete statement of its contents.

56. Defendants admit the allegations in the first three sentences of this paragraph. Defendants deny the remaining allegations in the paragraph.

57. Defendants deny the allegations in this paragraph.

58. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Additionally, the third sentence of this paragraph solely consists of Plaintiff's reference to its exhibit, to which no response is required. To the extent an answer is deemed required as to any of the

allegations in this paragraph, Defendants admit the allegations in the first, second, and sixth sentences of this paragraph and deny the allegations in the fourth, fifth, seventh, and eighth sentences of this paragraph.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the reasons why Plaintiff made the expedited FOIA request. Defendants deny any remaining allegations in this paragraph.

## VIII.   The FOIA Request and Administrative History

60.     Defendants admit that they received a FOIA request from Plaintiff dated January 3, 2023. Defendants respectfully refer the Court to that FOIA request for a true and complete statement of its contents. To the extent that Plaintiff's description is inconsistent with that request, Defendants deny the allegations in this paragraph.

61.     Defendants admit that the CDC issued a letter to Plaintiff, dated January 4, 2023, regarding Plaintiff's January 3, 2023 FOIA request. Defendants respectfully refer the Court to that letter for a true and complete statement of its contents. To the extent that Plaintiff's description is inconsistent with that letter, Defendants deny the allegations in this paragraph.

62.     Defendants admit that the CDC issued a final response to Plaintiff, dated January 12, 2023, regarding Plaintiff's January 3, 2023 FOIA request. Defendants respectfully refer the Court to that response for a true and complete statement of its contents. To the extent that Plaintiff's description is inconsistent with that response, Defendants deny the allegations in this paragraph.

63.     Defendants admit that they received an appeal from Plaintiff dated January

12, 2023.  Defendants respectfully refer the Court to that appeal for a true and complete statement of its contents.  To the extent that Plaintiff's description is inconsistent with that appeal, Defendants deny the allegations in this paragraph.

64. Defendants admit that the CDC issued an acknowledgement letter to Plaintiff, dated January 17, 2023, regarding Plaintiff's January 12, 2023 appeal.  Defendants respectfully refer the Court to that letter for a true and complete statement of its contents.  To the extent that Plaintiff's description is inconsistent with that letter, Defendants deny the allegations in this paragraph.

65. Defendants admit that they received an appeal from Plaintiff dated March 31, 2023.  Defendants respectfully refer the Court to that appeal for a true and complete statement of its contents.  To the extent that Plaintiff's description is inconsistent with that appeal, Defendants deny the allegations in this paragraph.

66. The allegations in this paragraph consist of legal conclusions to which no response is required.

67. The allegations in this paragraph consist of legal conclusions to which no response is required.

68. Defendants deny the allegations in this paragraph.

69. The allegations in this paragraph consist of legal conclusions to which no response is required.

## ARGUMENT

**I.     CDC and HHS Did Not Timely Respond to Plaintiff's Appeal.**

70. Defendants admit to allegations in the first three sentences of this

paragraph, and deny all remaining allegations in this paragraph.

71. Defendants admit to the allegation in the first sentence of this paragraph. The allegations in the second and fourth sentences of this paragraph consist of legal conclusions to which no response is required. Defendants deny the remaining allegations in this paragraph.

72. Defendants admit to the allegation in the first sentence of this paragraph. The allegations in the second and fourth sentences of this paragraph consist of legal conclusions to which no response is required. Defendants deny the remaining allegations in this paragraph.

## II.  CDC is Improperly Withholding Responsive Records.

73. Defendants deny the allegations in this paragraph.

74. Defendants admit the allegations in this paragraph.

75. Defendants deny the allegations in this paragraph.

76. Defendants deny the allegations in this paragraph.

77. Defendants deny the allegations in this paragraph.

78. Defendants deny the allegations in this paragraph.

79. Defendants deny the allegations in this paragraph.

80. Defendants deny the allegations in this paragraph.

81. Defendants deny the allegations in this paragraph.

82. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent an answer is deemed required, Defendants deny the allegations.

83. The allegations in this paragraph consist of legal conclusions to which no response is required.

84. Defendants deny the allegations in this paragraph.

85. Defendants deny the allegations in this paragraph.

86. Defendants deny the allegations in this paragraph.

**III.   CDC improperly denied the fee waiver.**

87. The allegations in this paragraph consist of legal conclusions to which no response is required.

88. Defendants deny the allegations in this paragraph.

## COUNT I
### FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
**(Violation of FOIA, 5 U.S.C. § 552)**

89. Defendants incorporate by reference their responses to all previous paragraphs as if fully set forth herein.

90. The allegations in this paragraph consist of legal conclusions to which no response is required.

91. Defendants deny the allegations in this paragraph.

92. The allegations in this paragraph consist of legal conclusions to which no response is required.

93. Defendants deny the allegations in this paragraph.

94. Defendants deny the allegations in this paragraph.

95. Defendants deny the allegations in this paragraph.

96. The allegations in this paragraph consist of legal conclusions to which no

response is required.

## COUNT II
### IMPROPER WITHHOLDING OF RECORDS
**(Violation of FOIA, 5 U.S.C. § 552)**

97. Defendants incorporate by reference their responses to all previous paragraphs as if fully set forth herein.

98. Defendants deny the allegations in this paragraph.

99. Defendants deny the allegations in this paragraph.

100. The allegations in this paragraph consist of legal conclusions to which no response is required.

## COUNT III
### IMPROPER DENIAL OF FEE WAIVER
**(Violation of FOIA, 5 U.S.C. § 552)**

101. Defendants incorporate by reference their responses to all previous paragraphs as if fully set forth herein.

102. Defendants deny the allegations in this paragraph.

103. Defendants deny the allegations in this paragraph.

104. The allegations in this paragraph consist of legal conclusions to which no response is required.

## REQUESTED RELIEF

The unnumbered paragraph under the heading "Request for Relief" and the seven lettered subparts below contain Plaintiff's prayer for relief, to which no response is required. If a response is deemed required, Defendants deny the allegations and deny that Plaintiff is entitled to any of the requested relief or to any relief whatsoever.

## GENERAL DENIAL

Any allegation contained in Plaintiff's complaint that has not been specifically and expressly admitted or explained by Defendants herein is hereby denied.

## Defenses

As separate and complete defenses hereto, and without waiving any of the above, Defendants offer the following defenses:

1. As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

2. Plaintiff's FOIA requests do not reasonably describe the records sought, and therefore do not comply with FOIA and/or do not trigger a search or production obligation and are not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

3. The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

4. The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent those requests exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552.

5. Defendants' actions or inactions did not violate FOIA or any other statutory or regulatory provision.

6. Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5

U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.  Defendants are entitled to invoke all exemptions and other defenses available under FOIA and the Privacy Act.

    7.    At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for Defendants to process Plaintiff's FOIA requests.

    8.    Defendants have exercised due diligence in processing Plaintiff's FOIA request and related administrative appeals, and exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of these requests and appeals.  *See* 5 U.S.C. § 552(a)(6)(C).

    9.    Plaintiff is not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

    10.    Plaintiff is not entitled to attorneys' fees or costs.

    11.    FOIA does not authorize the injunctive relief requested.

    12.    Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

    13.    Defendants specifically preserve any and all other defenses, not currently known, which through discovery may become applicable.

## Prayer for Relief

Having fully answered Plaintiff's complaint, Defendants respectfully request that judgment be granted in their favor dismissing Plaintiff's complaint with prejudice, with Plaintiff to bear the costs of defending this litigation, and for such other relief to which Defendants are justly entitled.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8730
Facsimile:    214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants


## CERTIFICATE OF SERVICE

On November 17, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney